## NANNY v. FANCHER et al.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

VENDOR AND VENDEE—PERFECTING TITLE—PAYMENT OF PURCHASE MONEY.

Certain joint tenants of real estate descended conveyed the same to defendant, "excepting their right, title, and interest in the dower and thirds in said premises" of the widow, "which they agree to sell to the said party of the second part on the death of the said widow, at the same price per acre." After the death of the widow, plaintiff, sole devisee of one of the grantors, brought an action in which he prayed that defendant might be required to accept a deed of the dower interest, and compelled to pay the purchase money due by him therefor, to which action all persons interested in the premises were made parties, and the amount due them by defendant ascertained, and a judgment rendered against him therefor. *Held,* that payment of such judgment by defendant would perfect his title to the dower premises, all persons interested therein being concluded by the judgment, and that the execution of any further deed thereto was unnecessary.

Appeal from special term, Orange county.

Action by Oliver T. Nanny against Amzi L. Fancher and others. From the complaint it appears that in October, 1869, defendant named entered into an agreement with Juliet Nanny and others for the purchase and sale of a farm containing 100 acres, which had belonged to the father of all the parties, and had on his death descended to them, subject to the dower right of his wife, Maria Fancher. By the terms of the agreement, defendant was to pay $130 per acre for the farm on a certain day, when a conveyance was to be made to him, deducting one-third of the purchase price for the dower interest of the widow, which he was to pay for on her death. The deed was executed to defendant, reserving the one-third representing the dower interest, which the grantors agreed to sell to defendant on the death of the widow, at the same price per acre. Prior to the commencement of the action, Juliet Nanny died, leaving a will by which she conveyed all her property to her husband, plaintiff in this action. Judgment was prayed, among other things, that it be determined "that, by the true intent and meaning of said agreement and deed, the said Amzi L. Fancher became, at the death of the said Maria Fancher, entitled to receive a further conveyance from the parties to said agreement, or their heirs, devisees, personal representatives, or assigns, and was bound to pay to them the sum of one hundred and thirty dollars per acre for one-third of one hundred acres as the consideration for such further conveyance. That it may be ascertained

and determined by the judgment of this court to whom and in what propor-- tion the said one-third of said farm reserved from the effect of said deed, by the terms thereof, now belongs, and that the persons to whom the same belongs be ascertained and determined, and may be required to execute a conveyance sufficient for conveying to the said Amzi L. Fancher all their right, title, and interest in the said one-third of said farm reserved by said deed as aforesaid. That the defendant Amzi L. Fancher may be by the judgment of the court required to accept said deed and pay therefor at the rate of one hundred and thirty dollars per acre for one-third of one hundred acres, and such payment be made to each of the parties entitled to any share in said portion of said farm, reserved as aforesaid, in proportion to their shares therein." The amount due by defendant to all parties interested in the dower, all of whom were parties to this suit, was ascertained. Judgment was rendered determining "that, by the true intent of the agreement and deed set forth in the complaint, the title to the lands and premises therein described was fully conveyed to the defendant Amzi L. Fancher, and that, upon the death of Maria Fancher, he became the owner of said premises, free and discharged from any lien or claim upon her part, and became and ever since remained, and still remains, indebted to the persons owning the interests of grantors of said deed in the sum of $4,333.33." The court did not direct that any further deed to the dower interest be made to defendant. From the above judgment defendant appeals. For former report, see 12 N. Y. Supp. 231.

Argued before DYKMAN and PRATT, JJ.

*M. N. Kane,* for appellant. *Bacon & Merritt* and *G. W. McElroy,* for respondents.

PRATT, J. This action was well brought as a suit in equity, as it required. a construction of a will, deed, and certain written agreements between the parties, and the relief prayed for was in part for a specific performance of a contract. The court having obtained jurisdiction could give such relief as the facts proved required. *Welles* v. *Yates,* 44 N. Y. 525; Code, § 1207. The question under the contract, whether any further deeds were required, was passed upon at the trial, and it was held that no further conveyance was necessary to perfect the title in the defendant, and therefore all there was left to be done was for the defendant to pay the price he had agreed to pay, and judgment was given accordingly. All persons having any interest in the premises were parties to the suit, and the judgment is conclusive upon all of them. The defendant will have, therefore, under the judgment, a perfect title to what he had agreed to buy when the judgment is executed by payment of the price agreed upon. We do not think the action of *Nanny* v. *Fancher* is a bar to this action. It is sufficient to say that the parties and the allegations are not the same, and entirely unlike relief is prayed for in this suit. It does not follow that, because the judgment rendered in this suit, to-wit, damages for the price of land, might have been rendered in the former suit, it is a bar to the present action. The other defendants had a right to be heard upon the question of the construction of the deed and agreement for the purchase, and whether any further conveyance was necessary. The question of costs was discretionary with the trial judge. We find no error sufficient to warrant a reversal of the judgment. It must therefore be affirmed, with costs.