[Civ. No. 572.   Second Appellate District.—February 15, 1909.]

TEREZ WAECHTER, Respondent, v. ATCHISON, TO-PEKA & SANTA FE RAILWAY COMPANY, a Corporation, Appellant.

VENUE OF ACTIONS—FOREIGN CORPORATIONS.—A foreign corporation organized and existing under the laws of another state is a resident of that state, and foreign to this state; and actions against foreign corporations may be brought and tried in any county of this state, in the absence of any statute conferring upon them a county residence.

ID.—PLACE OF RESIDENCE OF CORPORATIONS.—The place of residence of corporations, foreign or domestic, is at the place where, by its articles of incorporation, it has its principal place of business.

ID.—LIABILITY OF FOREIGN CORPORATION TO BE SUED IN THIS STATE.—The liability of a foreign corporation to be sued in this state upon its compliance with its laws, no more confers a county residence upon it than does the comity which permits it to sue in our courts to enforce a contract or to redress a wrong.

ID.—CONSTRUCTION OF CONSTITUTION.—Section 16 of article XII of the constitution of this state has application only to domestic corporations or associations, and not to foreign corporations.

ID.—CONSTRUCTION OF CODE—FOREIGN RAILWAY COMPANIES—POWER TO USE EMINENT DOMAIN—NO SPECIAL RIGHT TO CHANGE VENUE.— Section 407 of the Civil Code granting to foreign railway companies the power to exercise the right of eminent domain to secure a right of way in this state cannot affect the construction of the constitution; nor can it be construed as having the effect of special legislation to permit foreign railway companies to be sued only in a county through which its railroad passes in this state, or to change the venue to any such county.

ID.—ESTABLISHMENT OF PRINCIPAL PLACE OF BUSINESS UNDER CODE— FOREIGN CORPORATION NOT DOMESTICATED.—The establishment of a principal place of business in this state by a foreign corporation doing business in this state, by compliance with section 408 of the Civil Code, does not make it thereby a domestic corporation.

ID.—INSUFFICIENT EVIDENCE OF PRINCIPAL PLACE OF BUSINESS—AFFIDAVIT BY OFFICER.—A mere affidavit by an officer of a foreign railway corporation doing business in this state, that its principal place of business in this state is in a county specified other than that of the venue, is neither evidence that it had acquired a principal place of business by compliance with section 408 of the Civil Code, nor to show that it predicated its demand for a removal to that county upon a residence so acquired.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion to change the place of trial of a foreign corporation.   S. E. Crow, Judge.

The facts are stated in the opinion of the court.

E. W. Camp, U. T. Clotfelter, A. H. Van Cott, and M. W. Reed, for Appellant.

G. H. Gould, for Respondent.

TAGGART, J.—Appeal from an order denying defendant's motion for change of place of trial.   Action to recover the value of a trunk lost by plaintiff while traveling as a passenger on defendant's railway.

Plaintiff's ticket was for a round trip from Norfolk, Virginia to San Francisco, California, and return, with stopover privileges.   The trunk was checked at Santa Barbara for Norfolk, Virginia, on the return trip, and, as alleged by the complaint, was transported by the Southern Pacific Company to Los Angeles, where it was delivered to defendant and by the latter negligently lost and destroyed in transit.

The complaint alleges defendant to be a corporation organized and existing under the laws of the state of Kansas, and operating a line of railroad .from Los Angeles, California, to Chicago, Illinois. The affidavit of the general manager of the defendant filed with the demand for change of place of trial admits the residence of the defendant to be Kansas, but avers that its principal place of business in the state of California is, and, for a long time prior to the commencement of this action, has been, in the city of Los Angeles, county of Los Angeles, state of California; that it is not now and never has been in Santa Barbara county, and that no part of its railway lies in that county. Upon this showing the defendant demanded that the place of trial of the action be changed from Santa Barbara county, which was designated by the plaintiff in her complaint, to Los Angeles county.

Defendant's contention is that it has a right to have the motion granted by virtue of section 16 of article XII of the constitution of the state, which is as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." It is contended that this section is made to apply alike to foreign and domestic corporations by virtue of the provisions of section 407 of the Civil Code, and that it follows from the absence of allegation in the complaint that the contract was made, or to be performed, or that the obligation or liability arose or the breach occurred in Santa Barbara county, and it being made to appear by the affidavit of defendant's general manager that its principal place of business in the state of California is situated in Los Angeles county, that defendant is entitled to have the action tried in the latter county.

No case has been cited which sustains this view. That such a right of change exists as to domestic corporations is clearly established. This is based upon the principle that a corporation, like a natural person, has a place of residence and that such residence is at the place where by its articles of incorporation it has its principal place of business. This is the general rule applied in determining the residence of a corporation under section 395 of the Code of Civil Procedure. (Jen-

kins v. *California Stage Co.*, 22 Cal. 538; *Cohn* v. *Central Pacific R. R. Co.*, 71 Cal. 488, [12 Pac. 498]; *McSherry* v. *Pennsylvania etc. Co.*, 97 Cal. 643, [32 Pac. 711]; *Trezevant* v. *Strong Co.*, 102 Cal. 48, [36 Pac. 395]; *Buck* v. *Eureka*, 97 Cal. 139, 140, [31 Pac. 845, 846].) In the latter case, it is said: "It is . . . settled law of this state that a domestic trading corporation *resides*, within the meaning of section 395 of the Code of Civil Procedure, in the county where its principal place of business is."

The rights of foreign corporations in respect to change of place of trial of an action begun under section 395 has been clearly declared in *Thomas* v. *Placerville G. Q. M. Co.*, 65 Cal. 600, [4 Pac. 641]. On page 603 of 65 Cal. [4 Pac. 643] appears the following language: "To summarize: A foreign corporation exists in and by virtue of the law of a foreign country, and no statute of this state has ever given a local (county) residence to such a corporation, where alone it can be sued. Its liability to be sued in the courts of this state no more confers a county residence upon it, than does the comity which permits it to apply to our courts for the enforcement of a contract or the redress of a wrong." Our attention has not been called to any case in which this rule has been modified in this state. The principle of comity upon which the right rests has been recently reasserted in the case of *Anglo-Cal. Bank* v. *Field*, 146 Cal. 644, 650, [80 Pac. 1080].

In Idaho the statute corresponding with section 395 of our Code of Civil Procedure is in practically the same language, and in applying that statute the supreme court of that state says: "In the absence of any statutory provision fixing the place of trial in actions against foreign corporations in any particular county, we see no reason why such actions should not be brought and maintained in any county in this state." An order of the trial court denying a motion for change of place of trial was affirmed. This rule was adopted by the Idaho court from Thompson's Commentaries on the Law of Corporations, volume 6, section 7426. (*Boyer* v. *Northern Pac. Ry. Co.*, 8 Idaho, 74, [66 Pac. 826]; see, also, *Olson* v. *Osborne*, 30 Minn. 444, [15 N. W. 876].)

We do not regard section 407 of the Civil Code as having the bearing upon this question which appellant contends. Neither is it a new law calling for construction and consideration, as prior to its becoming a part of the code by

amendment in 1905, it was in force as a general statute from the time of its enactment in 1880. (Stats. 1880, p. 21.) Its primary purpose was, apparently, to place foreign railway and transportation companies upon an equal standing in this state with domestic corporations in respect to building railways and exercising the right of eminent domain and the rights and privileges incident thereto. To construe it as taking such companies out of the operation of the provisions of the general section relating to the place of trial of actions would be to create a specially privileged class of nonresident corporations who would be favored above not only nonresident natural persons, but all other foreign corporations that might be doing business in the state. This would not only result in creating a special class of corporate defendants in civil actions, but would also arbitrarily discriminate in favor of corporations against natural persons who were nonresidents. An application of the section which would have this result would render it obnoxious to the provisions of the constitution prohibiting special legislation, and is clearly untenable.

It is not urged that the defendant established a principal place of residence in this state by complying with the provisions of section 408 of the Civil Code, so that the question of the residence in the state which defendant would acquire by a compliance with that section is not before us. But if this were shown to have been done, the defendant would not thereby have become a domestic corporation. (*St. Louis & S. F. Ry. Co.* v. *James,* 161 U. S. 545, [16 Sup. Ct. 621].) Organized and existing under the laws of Kansas, it was a resident of that state and foreign to this, and its principal place of business for the purpose of establishing its residence was in that state. (Beale on Foreign Corporations, secs. 73, 74; *Blumenthal* v. *Hudson Boot Co.,* 60 Hun, 586, [15 N. Y. Supp. 628]; *Standard Oil Co.* v. *Commonwealth,* 110 Ky. 821, [62 S. W. 897, 898].) The mere naked averment in the affidavit of its general manager that defendant's principal place of business in the state of California was in the county of Los Angeles was neither evidence that it had acquired such a principal place of business in the state by complying with the law, nor sufficient to show to the trial court that it predicated its demand for a removal of the cause to Los Angeles county upon a residence so acquired. A principal place of business in the state not expressly authorized by law, and the

location of which is evidenced only by the affidavit of an officer of the foreign corporation without sanction of the statute for such a proceeding, cannot be held to admit such a corporation to the constitutional rights and privileges of a domestic corporation.

No error appearing in the ruling of the trial court, its order denying the motion for change of place of trial is affirmed.

Allen, P. J., and Shaw, J., concurred.