[Civ. No. 4272. Third Appellate District.—May 26, 1931.]

A. L. HOBSON, Respondent, v. THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

Clyde C. Shoemaker for Appellant.

Durley & Downes and Clarke & Bowker for Respondent.

MR. JUSTICE PLUMMER Delivered the Opinion of of the Court.—The question presented for consideration upon this appeal is the order of the court denying the mo-

tion of the defendant to change the place of trial from the county of Ventura to the county of Los Angeles.

The complaint sets forth that the defendant is a corporation organized and existing under and by virtue of the laws of the state of New York, and as such is authorized to transact a general surety business in the state of California, and at all times mentioned in the complaint was transacting such business. That on or about the twenty-eighth day of October, 1926, the defendant as surety, and Robert Marsh & Company, a corporation, as principal, executed and delivered to the plaintiff a certain bond in the words and figures following, to wit: "Know all men by these presents: That we, Robert Marsh & Company, Incorporated, as principal, and the Metropolitan Casualty Insurance Company of New York, a corporation organized and existing under and by virtue of the laws of the State of New York, and authorized to transact a general surety business in the State of California, as surety, are held and firmly bound unto A. L. Hobson in the sum of $15,000.00, for which payment, well and truly to be made, we bind ourselves, our, and each of our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents." The bond then goes on to recite the lease of certain premises in the city of Los Angeles, specifying the rental to be paid, and in the event that Robert Marsh & Company, Incorporated, a corporation, fails to lease the premises described and pay therefor a certain monthly rental in advance, then and in that case the defendant in this action would be liable for said unpaid rent to the amount of $15,000. Default in the payment of rent; etc., was properly alleged. The defendant appeared, filed a demurrer to the complaint, and at the same time filed a motion for change of place of trial from Ventura County to the county of Los Angeles. The motion for change of place of trial sets up that the contract was made in the county of Los Angeles, and if any breach thereof occurred, it occurred in the county of Los Angeles, and that the principal place of business of the defendant corporation was, at the time of the institution of the action and at the time of making the motion, in the county of Los Angeles. The motion was supported by the affidavit of the assistant vice-president of the corporation, which affidavit contains the

following statements relative to the principal place of business of the company: "That the principal place of business of said corporation, The Metropolitan Casualty Insurance Company of New York, was not, at the time of the commencement of this action, and has not been, and is not now in the county of Ventura, state of California, nor was the principal place of business of said corporation in the county of Ventura, state of California, at and during any of the times mentioned in the complaint on file in said action. That at and during all the times hereinbefore mentioned the principal place of business of said corporation, the Metropolitan Casualty Insurance Company of New York, was and now is in the county of Los Angeles, state of California. . . . That at all times herein mentioned the Metropolitan Casualty Insurance Company of New York, a corporation, the defendant, has maintained, and still maintains its principal place of business for southern California in the county of Los Angeles, state of California. That the agreement sued upon in this action was made and entered into, if at all, in the county of Los Angeles, state of California,'' etc. ▮ There is nothing in the affidavit of merits, nor was there any showing made upon the hearing of the motion as disclosed by the transcript, that the defendant has ever complied with the requirements of sections 405 and 408 of the Civil Code, as they read at the time involved in this action. There is no showing that the defendant has ever filed with the Secretary of State any of the documents referred to in said sections, nor is there any showing that the corporation has designated any person upon whom service of process might be made. There is no showing that the defendant has ever filed any verified copy of the papers mentioned in section 405 of the Civil Code, in the office of the county clerk of the county of Los Angeles, or in any county designating its principal place of business, or where its principal place of business is claimed to be located.

The first statement in the affidavit of merits as to the location of the principal place of business in the state of California being in Los Angeles, is modified and controlled by, and must be read in connection with, the further statement in the affidavit that the corporation "has maintained, and still maintains its principal place of business for southern California, in the county of Los Angeles, state of Cali-

fornia." In other words, the affidavit shows only that what is claimed as the principal place of business of the corporation is in fact and in truth only the principal place of business of the corporation in and for *southern* California, and not for the state of California.

Appellant bases its right to a change of place of trial principally upon section 16 of article XII of the Constitution of California, which reads: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases." And also upon the provisions of section 395 of the Code of Civil Procedure, wherein it is specified that transitory actions must be tried in the county in which the defendants, or some of them reside, etc. Attention may also be called here to the provisions of this section that "if none of the defendants reside in the state", etc., the action may be tried in any county designated in the complaint. In support of its contentions the defendant cites, among other cases, that of *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490 [71 L. Ed. 1165, 47 Sup. Ct. Rep. 678], where the constitutional questions involved in this action are considered. Before considering the case just cited, we may properly refer to section 396 of the Code of Civil Procedure, which reads: "If the county in which the action was commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

Reference may also be properly made to the sections of the code of Civil Procedure, 405 to 416 inclusive, showing when, where and how service of summons may be made. These sections show that any superior court of any county of the state has jurisdiction of transitory actions, subject to the right of the defendant, in specified instances, and upon compliance with the provisions of the code, to have the cause changed to a different county for purposes of trial, either upon the fact of residence or for the convenience of witnesses. A summons issued from the superior

court of any county may be served in any county within the state, as fully to all intents and purposes as though served in the county where the action is commenced, and as fully and completely as though the action were commenced in the proper county.

Before considering the case of *Power Mfg. Co.* v. *Saunders, supra,* we may further call attention to the fact that the section of the state Constitution which we have quoted is permissive and does not prevent the beginning of an action in any other county within the state.

The facts in the instant case differ from the facts in the Saunders case in that we are dealing here with a motion for a change of place of trial, while in the Saunders case the court had before it a motion to quash the service of summons and to dismiss the defendant. The Saunders case involves personal injuries sustained by Saunders in the state of Arkansas. Both the power company and Saunders were residents of the state of Ohio. The Supreme Court in his opinion, among other things, says: "The action was brought in Saline county, Arkansas, service of summons being made on the defendant's designated agent at Stuttgart. . . . The Arkansas statutes require actions of this character, if against a domestic corporation, to be tried in the county where it has a place of business, or in which its chief officer resides, and if against a natural person, in a county where he resides or may be found, but broadly permits such actions, if against a foreign corporation, to be tried in any county in the State." The Supreme Court of Arkansas upheld the trial court in denying defendant's motion to dismiss the action, and the cause was taken to the United States court upon a writ of error. That court held that the statutes of Arkansas were violative of the Fourteenth Amendment to the United States Constitution in that it denied to the defendant the equal protection of its laws. If the facts were the same in this case, and a sufficient showing were made as to the defendant having complied with the statutes of this state in filing papers with the Secretary of State, and in the office of the county clerk of Los Angeles, designating the city and county of Los Angeles as its principal place of business, and designating an agent upon whom service might be made, then we would be constrained to hold that the Saunders case is controlling here.

The opinion in the Saunders case indicates that the ruling of the court was had upon the service of summons being made upon the defendant, based upon a complaint filed in a county other than that designated by the Power Company as its principal place of business. The inference would follow that a similar service of summons upon a domestic corporation or a private individual would not give the court from which the summons issued, jurisdiction. As heretofore pointed out, in this state a summons issued from a county which is not the proper county for the trial of the action would give the court from which the summons issued in this state jurisdiction to proceed with the trial of the action unless a motion for change of place of trial were interposed, whether the defendant was a private individual, a domestic corporation or a foreign corporation. Nor does it appear in the opinion in the Saunders case that the statutes of Arkansas permit, as in California, all cases to be transferred from one county to another for trial, based upon the convenience of witnesses, irrespective of whether the actions are against private individuals, domestic or foreign corporations. The main facts in the Saunders case show that the ruling of the court depended upon the fact that the corporation, by filing articles in the county of Stuttgart, setting forth that its principal place of business was there, and naming an agent upon whom service of summons could be made, fixed the residence of the corporation in the county of Stuttgart, so far as instituting actions against it might be concerned, and that service of summons upon it, based upon a suit begun in another county in the state, gave the court no jurisdiction.

As we have stated, these facts do not appear in the record before us, and so far as any legitimate inference can be drawn, the defendant may have a principal place of business for northern California, as well as for southern California, or even in central California. Without this showing the general principles of the law apply, that a foreign corporation has only a residence within the state where it is incorporated. As stated in 14A C. J., page 224, "one result of the doctrine that a corporation cannot migrate but must dwell in the place of its incorporation, is that a corporation, in so far as it can be regarded as a citizen, resident or inhabitant, as it may be, for the purposes of juris-

diction, and of many other purposes, is a citizen, resident and inhabitant of the state or country by or under the laws of which it was created, and of that state or country only, even though it may be doing business in another state or country in compliance with the local laws and may have part or all of its property there,'' etc.

The respondent has cited a number of California cases having to do with corporations in which appear statements similar to that found in *Jenkins* v. *California Stage Co.*, 22 Cal. 538, wherein it is said: ''The principal place of business of a corporation is its residence, within the meaning of that term as used in section 20 of the Practice Act, fixing a place of trial.'' An examination of the different cases cited in which like expressions occurring in the opinion deciding them, discloses that the references only are to domestic corporations, and have nothing to do with the question presented for our consideration. One of the leading cases on the subject of the residence of foreign corporations is that *Waechter* v. *Atchison etc. R. Co.*, 10 Cal. App. 70 [101 Pac. 41]. That case distinctly holds that a foreign corporation organized and existing under the laws of another state is a resident of that state, and foreign to this state, and actions against foreign corporations may be brought and tried in any county in this state, in the absence of any statute conferring upon them a county residence. It is further held in that case that the establishment of a principal place of business in this state by a foreign corporation doing business in this state by compliance with section 408 of the Civil Code, does not make it a domestic corporation. It is further held in that case that a mere affidavit by an officer of a foreign corporation doing business in this state that its principal place of business is in a county specified, other than that of the venue, is neither evidence that it had acquired a principal place of business by compliance with section 408 of the Civil Code, nor to show that it predicated its demand for a removal to that county upon a residence so acquired. The opinion further cites a large number of cases supporting the doctrines just stated, and calls attention to a number of cases relied upon by the appellant in the instant case showing that such cases related only to domestic corporations.

Again, in the case of *Ryan* v. *Inyo Cerro Gordo Min. etc. Co.*, 41 Cal. App. 770 [183 Pac. 250], the court had before it practically the same questions presented here, and it was again held ''that a foreign corporation doing business in this state does not establish a residence in any particular county, such as is contemplated by the provisions of the Code of Civil Procedure relating to the place of trial''. The opinion goes on and cites a number of cases showing the distinction between cases where domestic corporations only are involved and the opinions having to do with foreign corporations.

In *Lakeside Ditch Co.* v. *Packwood Canal Co.*, 50 Cal. App. 296 [195 Pac. 284, 288], this court, speaking through Mr. Justice Hart, after citing a number of cases, uses the following language: ''It is thus to be seen that the rule in California with respect to the place of trial of transitory actions against corporations is as it is declared in section 16 of article XII of our state Constitution. The result is that a corporation against which such an action is brought has no absolute right to have the action either commenced or removed to the county in which it has its principal place of business, which is the county of its residence, merely upon that ground, or for that reason, but can only secure a removal as in other cases, upon some ground legally recognized other than the fact that its residence is in a county other than in the county in which the action has been commenced.'' (Citing cases.) To the same effect is the case of *San Jose Hospital* v. *Etherton*, 84 Cal. App. 516 [258 Pac. 611]. A number of California cases are cited in the opinions deciding the cases which we have cited from the District Court of Appeal. The distinction between foreign and domestic corporations relative to the place of trial is also pointed out in the case of *Rains* v. *Diamond Match Co.*, 171 Cal. 326 [153 Pac. 239], where the rules which we have stated are followed and affirmed. The case of *McClung* v. *Watt*, 190 Cal. 155 [211 Pac. 17], had to do with a domestic corporation, and therefore what was said about the principal place of business and residence of the domestic corporation has no application here.

We think the law is clearly established in this state that the defendant in the instant case possesses no absolute right to have the place of trial removed from the county of

Ventura to the county of Los Angeles, and that the facts and circumstances set forth in the affidavit of merits do not bring the case within the holding of the Supreme Court in *Power Mfg. Co.* v. *Saunders, supra.*

The order appealed from is affirmed.

'A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1931.