[Civ. No. 7334. Second Appellate District, Division One.—October 13, 1931.]

CALVIN E. HERBOLD, Respondent, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Appellant.

Robert Brennan, M. W. Reed and E. T. Lucey for Appellant.

Carter & Webster for Respondent.

HOUSER, J.—In the Municipal Court of the City of Los Angeles plaintiff brought a personal action against the defendant for the sum of $515, for which amount he recovered judgment and which judgment, on appeal to the superior court, was affirmed. Thereupon the defendant took an appeal to this court from such latter judgment and plaintiff has presented his motion to dismiss the same.

It appears to be conceded by respective counsel that because of the fact that the defendant is a foreign corporation, doing business within this state, in the absence of any special statute to the contrary an action against such corporation for such an amount of damages as is claimed in the complaint herein may be maintained in the superior court located within any county in the state. (*Waechter* v. *Atchison, T. & S. F. R. Co.,* 10 Cal. App. 70 [101 Pac. 41].)

It is also likewise conceded that had the cause of action upon which the complaint herein was founded arisen within the county of Los Angeles, the Municipal Court of the City of Los Angeles would have had exclusive jurisdiction of the action. But it is urged by appellant that because the cause of action arose in Fresno County, within which no municipal court is established, it follows that either the superior court located within Fresno County or the superior court within any other county of the state would have jurisdiction of the action, with the ultimate result that both the Superior Court of Los Angeles County and the Municipal Court of the City of Los Angeles had jurisdiction of the action. It is therefore contended by appellant that a concurrent jurisdiction of the cause of action existed as between the Superior Court within the County of Los Angeles and the Municipal Court of the City of Los Angeles, and that (as further contended by appellant) because of the fact that the action was one which might have been maintained in the Superior Court of Los Angeles County, an appeal from the judgment rendered therein would lie to the District Court of Appeal. (Citing *Johnston* v. *Wolf*, 208 Cal. 286 [280 Pac. 980].)

However, in the case of *Moye* v. *National Surety Co.*, 208 Cal. 279 [280 Pac. 982], it appeared that an action which had been commenced in the Superior Court of the County of Ventura was transferred to the Municipal Court of the County of Los Angeles, from which latter court, after judgment rendered therein, an appeal was taken to the Superior Court of the County of Los Angeles, which appeal resulted in a judgment of reversal of the judgment of the municipal court. From the judgment in the superior court plaintiff appealed to the District Court of Appeal; whereupon a motion was made to dismiss the said appeal on the ground that the District Court of Appeal was without jurisdiction. In deciding the question thus presented, the Supreme Court adopted the opinion theretofore rendered by the District Court of Appeal, which in part was as follows:

"It is contended by the defendant that under the provisions of sections 4b and 5 of article VI of the Constitution as amended in 1928, this court has no jurisdiction of the appeal. In resisting the motion to dismiss the appeal plaintiff urges that, inasmuch as the cause of action was 'transitory', the Superior Court of Ventura County had jurisdiction

thereof. The argument seems to be that as he would have had a right to appeal to this court from a judgment of the Superior Court of Ventura County if a judgment had been rendered against him in that court, he has a right to appeal to this court from the judgment when rendered against him by any other court to which the cause was transferred. We fail to see that any such conclusion follows. The action having been transferred to the municipal court, the right of appeal from its judgment was in no respect different from the right of appeal from any other judgment of that court.''

In the instant case, assuming that the Superior Court in the County of Fresno may have had original concurrent jurisdiction of the action, in view of the fact that the plaintiff chose to file his complaint in the Municipal Court of the City of Los Angeles, which concededly also had jurisdiction—it would seem that the final situation is analogous to that in the case to which attention has just been directed, and consequently that the motion to dismiss the appeal herein should be granted.

Moreover, section 5 of article VI of the Constitution (as amended November 6, 1928), provides that the superior court shall have original jurisdiction in all civil cases and proceedings ''except . . . cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justices or other inferior courts''.

Among other situations in which jurisdiction is conferred upon the municipal court, section 29 of the Municipal Court Act (Stats. 1929, p. 837) provides that it shall have original jurisdiction in all cases ''arising outside the county in which a municipal court is established, in which any proper defendant named therein resides or has his place of business within the county wherein such municipal court is established''.

As to the cause of action in the instant case, it appearing that by the terms of the statute ''jurisdiction (thereof) is . . . given by law to municipal . . . courts'', it would follow that the exception to the general constitutional jurisdiction of the superior court became and was effective, with the result that the Superior Court of Los Angeles County lost whatever original jurisdiction it may have had of said cause of action. In such a situation, the decision in each of the

cases of *Berg* v. *Traeger,* 210 Cal. 323 [292 Pac. 495], and *D. Q. Service Corp.* v. *Securities.L. & D. Co.,* 210 Cal. 327 [292 Pac. 497], that the cited statute "had the effect of depriving the District Courts of Appeal of jurisdiction over appeals from the superior courts in any action within the jurisdiction of the municipal courts", is necessarily conclusive of the right of the defendant in the instant case to appeal from the judgment rendered by the superior court.

The motion to dismiss the appeal is granted and the said appeal is dismissed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 10, 1931.