[Civ. No. 10697. First Appellate District, Division Two.—April 20, 1938.]

RALPH M. BOHN, Respondent, v. BETTER BISCUITS, INC. (a Corporation), Appellant.

Fitzgerald, Abbott & Beardsley for Appellant.

Cleveland R. Wright and Hadsell, Sweet, Ingalls & Lamb for Respondent.

STURTEVANT, J.—This is an appeal from an order refusing to change the place of trial from the city and county of San Francisco to Alameda County. The plaintiff commenced an action alleging the breach of a written contract of employment. He filed his complaint in the Superior Court of the State of California, in and for the City and County of San Francisco, caused a summons to be issued and served on the defendant, and the defendant appeared, filed a demurrer, affidavit of merits and of residence, memorandum of authorities, and a notice of a motion to change the place of trial. Later the plaintiff served and filed a reply affidavit and all of said documents were presented by the respective parties at the time the motion for a change of the place of trial was heard. The notice of motion provided and specified, in substance, that the defendant would move the court for an order transferring the cause from the Superior Court of the State of California, in and for the City and County of San Francisco, to the Superior Court of the State of California, in and for the County of Alameda, on the ground that the defendant was, at the time of the commencement of the action, and thereafter continued to be, a Michigan corporation, having its main office and principal place of business in Michigan; that the defendant's principal office and principal place of business within the state of California is, and was prior to the commencement of this action, in Emeryville, Alameda County, California; that defendant had no office or place of business, principal or otherwise, in the city and county of San Francisco; that prior

to the commencement of the action the defendant duly complied with the provisions of section 405 of the Civil Code of the state of California, filing a certified copy of its articles of incorporation with the secretary of state of the state of California and with the county clerk of the county of Alameda, state of California, and, in addition thereto, that the defendant had filed with said secretary of state the statement referred to in section 405 of the Civil Code of the state of California, which statement, among other things, designated Ralph M. Bohn, address, corner of Sherwin and Hubbard Streets, Emeryville, Alameda County, California, as its process agent for the state of California and designated in said statement as the location and address of its principal office within this state, the corner of Sherwin and Hubbard Streets, Emeryville, Alameda County, California; that the alleged cause of action is not based upon any contract made or performed, or to be performed, or any obligation or liability arising, or any breach occurring, in the city and county of San Francisco; that the county of Alameda is the proper place of trial.

The defendant contends that under the laws of the state of California a domestic corporation is entitled to have any action against it tried in the county in which it is situated and that under the present statutes a foreign corporation is entitled to the same rights. The plaintiff contends that a foreign corporation resides at its principal place of business, has no residence in the state of California, and therefore that the motion was properly denied. Section 16 of article XII of the state Constitution is as follows: "A corporation . . . may be sued in the county where . . . the breach (of the contract) occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." (Parentheses ours.) Section 395 of the Code of Civil Procedure provides: "In all other cases, . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action, . . . If none of the defendants reside in the State, . . . the action may be tried in any county which the plaintiff may designate in his complaint, . . . " Neither party claims any statute is invalid, but the parties disagree as to the proper construction of section 395 of the

Code of Civil Procedure and section 16, article XII of the Constitution. We will discuss first the provisions of section 395 of the Code of Civil Procedure. The plaintiff stresses the word "reside". It then contends that as the defendant is a foreign corporation having its principal place of business at Grand Rapids, Michigan, that place is its residence and it may not be heard to claim that it resides at any other place. If by the use of the word "reside" one means "domicil" that contention would be sound. But in this state our statutes provide that words are construed according to the context and the approved usage of the language. (Code Civ. Proc., sec. 16.) It is not claimed that there is anything in the context showing the word "reside" was intended to mean "domicil". By approved usage of the language "reside" means: "live, dwell, abide, sojourn, stay, remain, lodge". Those words are synonyms. (Webster's New International Dictionary.) In common sense the word "reside" means: "To abide continuously, to sojourn, to dwell permanently or for a length of time; to be present; . . ." (54 C. J. 702.) That meaning was applied to this identical statute. (*Jenkins* v. *California Stage Co.*, 22 Cal. 537, 538.) In Ballentine's Law Dictionary the author states: "Persons who are said to reside in a place usually include all those who are the actual, stated dwellers there, even though *they may have a technical domicil elsewhere.*" That rule was applied in a case in which the court was asked to take jurisdiction and appoint a guardian. (*Kelsey* v. *Green,* 69 Conn. 291 [37 Atl. 679, 38 L. R. A. 471].) By a long line of decisions it has been held that a domestic corporation resides at the place where its principal place of business is located. (*Walker* v. *Wells Fargo Bank etc. Co.*, 8 Cal. (2d) 447 [65 Pac. (2d) 1299].) The designation of the principal place of business of a domestic corporation is contained in its articles. (Civ. Code, sec. 290.) The designation of the principal place of business of a foreign corporation in this state is contained in the statement which it is required to file in the office of the secretary of state before it may legally transact business in this state. (Civ. Code, sec. 405.) Prior to the enactment of sections 405–406a a foreign corporation had no *locus* in this state. No statute required it to designate, by a written statement duly filed in the office of the secretary of state, the location of its principal place of business in the

state. After the enactment of said sections, the principal place of business of foreign corporations as well as domestic corporations was fixed by law. When the reason is the same, the rule should be the same. (Civ. Code, sec. 3511.) It follows under well settled rules that under a reasonable interpretation of the provisions of section 395 of the Code of Civil Procedure it might be held, that, by reason of the enactment of section 405 et seq. of the Civil Code, said section 395 of the Code of Civil Procedure applies to persons both natural and artificial and whether the corporation is a domestic or a foreign corporation. Section 395 of the Code of Civil Procedure, does not use the word "corporation", but it has never been held that its provisions did not apply to corporations. No reason appears why they should be so limited. There is no more reason for a statewide venue when the action is against a corporation than when against a natural person, nor when it is against a foreign corporation than when against a domestic corporation.

■ The meaning of section 16, article XII, state Constitution, is even less debatable. Whatever may be the provisions of our statutes they are controlled by the provisions of the Constitution. Section 16 is as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." The evidence introduced in the instant case having shown that the plaintiff's cause of action was for breach of contract, that the contract was neither made nor to be performed, nor was it breached in San Francisco, the sole question remaining for determination was where was the principal place of business of the defendant corporation situated. By a long line of authorities the word "situated" at least includes residence. In *Walker v. Wells Fargo Bank etc. Co.*, 8 Cal. (2d) 447, on page 449 [65 Pac. (2d) 1299], it is said: "The language of this constitutional provision that a corporation 'may be sued' in any one of the several designated places has been held to mean not merely that an action may be commenced but that it may be prosecuted to judgment in any one of said several places, unless the corporate defendant can allege and show

some sufficient ground for a change of the place of trial other than the mere fact that the principal place of business or 'residence' of the corporation is in another county.'' However, the section of the Constitution does not use the word ''residence'', nor does it classify the corporations therein referred to into domestic corporations and foreign corporations. In the case of *Cohn* v. *Central Pac. R. R. Co.,* 71 Cal. 488 [12 Pac. 498], the plaintiff sued the defendant in Los Angeles for a breach of contract. The defendant's principal place of business was San Francisco. The contract was made there and it was not to be performed in the county of Los Angeles, nor did the breach occur in Los Angeles County. The decision was by a divided court. But all members of the court were of the opinion that the action was properly transferred to San Francisco. All members of the court based their opinions and relied solely on the language contained in section 16 of article XII. The case of *Cook* v. *Ray Mfg. Co.,* 159 Cal. 694 [115 Pac. 318], was based on an alleged breach of warranty of the quality and fitness of certain material. The defendant was a domestic corporation having its principal place of business in San Francisco. The alleged breach of the contract was in Santa Clara County. Plaintiff commenced its action in the latter county and the defendant moved to change the place of trial. Its motion was denied and on appeal the defendant showed that, if it were a natural person under the provisions of section 395 of the Code of Civil Procedure its motion should have been granted. Thereupon it contended that the provisions of section 16 of article XII of the Constitution were invalid under the Fourteenth Amendment of the federal Constitution because the defendant was not accorded the same rights that would have been accorded a natural person. Mr. Chief Justice Beatty, writing the opinion, was at pains to show that section 16 was based on many different facts showing that the classification establishing a different rule as to a corporation from the rule applicable to a natural person was a valid classification, and the order denying the motion to change the venue was affirmed. There is not a word contained in section 16 showing that its provisions are addressed to domestic corporations only and not to foreign corporations. The plaintiff cites no authorities and we are not aware of any holding that a foreign corporation having

complied with the provisions of section 405 et seq. of the Civil Code, is not "situated" in the state of California. However, in effect the plaintiff would contend that section 16 of article XII should read as though it were written, "A domestic corporation or association, etc." The defendant contends that we may not read the word "domestic" into the provisions of said section. Continuing it asserts that to do so would be to render said section invalid under the provisions of the Fourteenth Amendment to the Constitution of the United States.

The defendant cites and relies on the case entitled *Power Mfg. Co.* v. *Saunders*, 274 U. S. 490 [47 Sup. Ct. 678, 71 L. Ed. 1165]. In that case the validity of the Statutes of Arkansas (1821) was involved. Section 1152 is as follows: "Any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where said corporations so keep or maintain such office or place of business, and service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this State held in the counties where said service of summons or other process of law is had upon said agent, servant or employee of said corporations." Section 1164 applies to real property. Section 1165 applies to actions to recover fines, etc., actions against a public officer, and actions on official bonds. Section 1171 is as follows: "An action, other than those in sections 1164, 1165 against a corporation created by the laws of this state may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides; . . ." Section 1176 provides: "Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." Section 1826 provides: "Every company or corporation incorporated under the laws of any other state, territory, or country, including foreign railroads and foreign fire and life insurance companies, now or hereafter doing business in this state, shall file in the office of the secretary of state of this state a copy of its charter or

articles of incorporation or association, or a copy of its certificate of incorporation, duly authenticated and certified by the proper authority, together with a statement of its assets and liabilities and the amount of its capital employed in this state, and shall also designate its general office or place of business in this state, and shall name an agent upon whom process may be served.'' Section 1829 provides: ''Service of summons and other process upon the agent designated under the provisions of section 1826 at any place in this state shall be sufficient service to give jurisdiction over such corporation to any of the courts of this state, whether the service was had upon said agent within the county where the suit is brought or is pending or not.'' Saunders was a citizen and resident of Ohio. Power Manufacturing Company was a corporation formed under the laws of the state of Ohio. Besides its activities in Ohio it maintained a warehouse at Stuttgart, Arkansas, where it did a local business. Saunders was injured in that warehouse. The corporation had fully complied with the provisions of section 1826, *supra,* and in its statutory statement named Stuttgart as its place of business in the state of Arkansas. It did no business and had no office, officer or agent elsewhere in the state. Stuttgart is in Arkansas County and is its county seat. Saunders commenced an action in Saline County in the state of Arkansas and caused the summons to be served on the designated agent at Stuttgart. In due time the corporation made a motion to dismiss and objected to being sued in Saline County and assailed the validity of the statutes of Arkansas in so far as they permitted a foreign corporation to be sued in a county where it does no business and has no office, officer or agent, on the ground that they are unreasonably discriminatory and arbitrary and therefore in conflict with the equal protection clause of the Constitution of the United States. The trial court denied the motion and the Supreme Court affirmed the ruling. An appeal was taken to the United States Supreme Court. That court held that the objection of the Power Manufacturing Company to the validity of the venue provisions of the statutes of Arkansas was well taken.

The point was under discussion in *Hobson* v. *Metropolitan Cas. Ins. Co.,* 114 Cal. App. 349 [300 Pac. 87]. But in that case the defendant did not show that it had complied with the provisions of sections 405–416, inclusive, of the Civil

Code. In passing, at page 353, the court said: "If the facts were the same in this case, and a sufficient showing were made as to the defendant having complied with the statutes of this state in filing papers with the Secretary of State, and in the office of the county clerk of Los Angeles, designating the city and county of Los Angeles as its principal place of business, and designating an agent upon whom service might be made, then we, would be constrained to hold that the Saunders case is controlling here."

The state of Minnesota has statutory provisions similar to but not identical with Civil Code section 405 et seq. (2 Mason's Minn. Stats. 1927, sec. 7493 et seq.) In *State* v. *District Court of Waseca County*, 176 Minn. 78 [222 N. W. 524], a motion to change the place of trial was under consideration. Oakland Motor Car Company, a corporation of Michigan, had filed documents with the secretary of state showing its principal place of business in Minnesota to be in Hennepin County, but not in either Blue Earth or Waseca Counties. It was sued in the latter county. It moved to change the place of trial. Its motion was denied. It applied for a writ of *mandamus*. In passing on that application the court said: "No concept of the law of corporations is more common than that of a corporation's presence wherever it has a definitely established agent, office, or other place of business. (7 R. C. L. 695, 696; 14 C. J. 338.)" It then discussed *Power Mfg. Co.* v. *Saunders, supra*. Having done so the court said: "So, all else aside, if we are to save section 9215 of our own statute from the possibility of successful attack on the same line, we must not construe it as giving to a resident domestic corporation a voice in fixing the venue of transitory actions against it, while denying the same right to a domesticated foreign corporation in the same situation. The language of the statute does not require any such construction, for the determinative phrase, 'defendants residing in different counties', may well be taken as including corporations, both foreign and domestic, which can be considered as resident in a given county in this state through the location there of an established agent, office, or other place of business. We so construe it." In *State* v. *District Court of Otter Tail County*, 178 Minn. 72 [225 N. W. 915], the point was presented following similar procedure. On page 916 the Supreme Court of Minnesota enumerated

two of its cases and overruled them, saying: "We are now persuaded that the part of the statute relating to foreign corporations as construed in the cases cited offends the equal protection clause of the Fourteenth Amendment to the federal Constitution, in that it unreasonably discriminates against foreign corporations in favor of domestic, according to *Power Manufacturing Co.* v. *Saunders*, 274 U. S. 490 [47 Sup. Ct. 678, 71 L. Ed. 1165]."

The plaintiff cites and relies on *Cincinnati Street Ry. Co.* v. *Snell*, 193 U. S. 30 [24 Sup. Ct. 319, 48 L. Ed. 604]. It is not in point. The litigation arose in the state of Ohio. An examination of its statutes discloses that the place for the commencement of an action against a corporation other than an insurance company or a mining company is as follows: "An action . . . against a corporation created under the laws of this state may be brought in the county in which such corporation is situated, or has or had its principal office or place of business or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman or president, of the board of directors or trustees or other chief officer. . . . (Sec. 5023.) An action against a nonresident of this state or a foreign corporation, may be brought in any county in which there is property of, or debts owing to, the defendant or where such defendant is found, or where the cause of action, or some part thereof arose. (Sec. 5027.) *When a corporation having more than fifty stockholders* is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties; . . ." (Sec. 5030.) At all times the railway company contended that a change of the place of trial was rightly refused because section 5030 did not apply to all persons both natural and artificial. The trial court sustained the contention. The Supreme Court reversed the judgment. (*Snell* v. *Street Ry. Co.*, 60 Ohio, 256 [54 N. E. 270].) In deciding the case the Supreme Court said: "It has never been regarded as essential to the validity of remedial procedure that it should be ap-

plicable in all of its provisions to all persons or parties, alike.'' An appeal was taken to the United States Supreme Court. That court quoted the language of the Supreme Court of Ohio and affirmed the latter court. The courts of this state, under the same set of facts, would for the same reasons have declared the same rule. (*Deyoe* v. *Superior Court,* 140 Cal. 476 [74 Pac. 28, 98 Am. St. Rep. 73].)

Having held that section 5030 of the Revised Statutes of Ohio made a valid and sound classification of the rights of litigants as there classified, the Supreme Court of Ohio said: ''In neither case, however, is any party deprived of the equal protection of the law, for each is assured of a fair trial, with equal opportunities to establish and enforce his rights; nor is the remedy of due course of law denied, because in the forum to which the cause is removed, the trial is conducted in the same way, under the same mode of procedure, as in that from which it was changed, with all remedial rights of the parties unimpaired.'' In *Long* v. *General Petroleum Corp.,* 11 Cal. App. (2d) 708 [54 Pac. (2d) 1147], the·plaintiff quoted the above passage and contended that a foreign corporation could not complain that it was not accorded the same consideration as a domestic corporation if it was given a trial in a coordinate court in the state wherever that court might be located. The language above quoted seems to sustain the contention of this plaintiff. But we are not able to apply that reasoning. It is not sustained by the facts in the Snell case as we have shown above. It is in conflict with *Grocers' etc. Union* v. *Kern etc. Co.,* 150 Cal. 466 [89 Pac. 120]. On page 474, speaking of the relative rights of individuals and domestic corporations, the court said: ''Where the subject-matter of the action—to wit, land—is made the test for fixing the place of trial of the action, no reason or distinction appears, or can be made to appear, why the right should be given to a natural person to have such an action tried in the county where the land is situated, and the same right should be denied to an artificial person, a corporation. In *State* v. *Hayes,* 81 Mo. 574, it is held that the provisions in regard to the venue of an action involve rights in respect to which the Fourteenth Amendment of the Constitution of the United States forbids arbitrary discrimination. That the discrimination is arbitrary and rests upon no logical or rational distinction seems too plain to permit of debate

or to call for elaborate consideration. No conceivable ground can be suggested why a natural person should have the right of trial of an action involving an interest in land in the county where the land is situated, and the same right should be denied to a corporation. If the situation were reversed the absurdity would be patent. A law which granted to a corporation the right and denied it to a natural person would be held arbitrarily discriminative without a moment's hesitation." (See, also, *Phillips Petroleum Co.* v. *Smith*, 177 Okl. 539 [61 Pac. (2d) 184, 107 A. L. R. 858, and notes].)

Plaintiff also cites and relies on *Herbold* v. *Atchison etc. Ry. Co.*, 117 Cal. App. 430 [4 Pac. (2d) 184], *Rowland* v. *Bruton*, 125 Cal. App. 697 [14 Pac. (2d) 116], *Ryan* v. *Inyo Cerro Gordo Min. etc. Co.*, 41 Cal. App. 770 [183 Pac. 250], *Thomas* v. *Placerville G. Q. M. Co.*, 65 Cal. 600, and *Waechter* v. *Atchison etc. Ry. Co.*, 10 Cal. App. 70 [101 Pac. 41]. Each may be distinguished on the facts involved in those cases. Nothing we have said is intended to be in conflict with anything said in any one of those cases.

As we have shown above the principles involved in *Power Mfg. Co.* v. *Saunders, supra*, are closely parallel with those involved in the instant case and that case is controlling in this court.

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1938, and the following opinion then rendered thereon:

THE COURT.—On consideration of the petition for hearing in this court after decision of the appeal by the District Court of Appeal, it appearing that in substance and effect, the views expressed by the District Court of Appeal in its written opinion with reference to the question at issue correctly declare the conclusions in that regard that have been reached by this court, it is ordered that said petition for hearing be and it is denied.