[Civ. No. 2990.   Fourth Dist.   Nov. 18, 1943.]

WILLIAM A. WARREN, Respondent, v. CHARLES P. RITTER, Appellant.

Alfred T. Cluff and Cluff & Bullard for Appellant.

No appearance for Respondent.

MARKS, J.—Plaintiff has filed no brief and has made no appearance before this court although the clerk notified his counsel of the default on July 27, 1943.

This action was filed against Charles P. Ritter, N. L. Rogers, State Corporation Commission, Automatic Self Leveling Ladder Company, a corporation, and various fictitious defendants. A money judgment was sought against Ritter and Rogers for breach of contract, misrepresentation and fraud; against the Commissioner of Corporations for the return of certain documents in his possession which had to do with the issuance and sale of stock by a corporation, and, against Automatic Self Leveling Ladder Company, (which we will refer to as the corporation) to determine its and plaintiff's rights and obligations under certain contracts.

It was alleged that the Commissioner of Corporations had

one of his offices in Los Angeles and that the corporation was a foreign corporation organized under the laws of the State of Nevada with its principal place of business in the county of San Bernardino.

For the purpose of this opinion we will assume that plaintiff in his complaint, in good faith, sought to state a cause of action against each named defendant and that they are proper parties defendant.

Ritter appeared in the action by demurrer and sought to change the place of trial of the action to Los Angeles County, the place of residence of all named defendants except the corporation.

■ Rogers also appeared by demurrer but he neither joined in nor opposed the motion for change of venue. Because he did appear, and did not join in the motion, does not seem to furnish sufficient ground for denial of the motion for change of venue. (*Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 [274 P. 977]; *Lyons* v. *Brunswick-Balke-Collender Co.*, 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173].)

The Commissioner of Corporations did not appear in the action and the record fails to show service of process on him.

■ After the service of the notice of motion for change of venue, plaintiff filed amendments to his complaint. They cannot be considered as having any bearing on the decision of the motion. (*Buell* v. *Dodge*, 57 Cal. 645; *McClung* v. *Watt*, 190 Cal. 155 [211 P. 17]; *Vickerson* v. *Wehr*, 42 Cal.App.2d 678 [109 P.2d 743].)

■ Certain defendants were sued under fictitious names. That fact can have no bearing on the question before us as the rights of another defendant to change the place of trial cannot be affected thereby until the substitution of their true names. (*Bachman* v. *Cathry*, 113 Cal. 498 [45 P. 814].)

■ As the action was transitory in its nature and as all named defendants except the corporation had their residences outside of the county of San Bernardino, they had the right to move the place of trial to the county of their residences unless the allegation that the corporation had its principal place of business in San Bernardino County be sufficient reason for retaining the case there.

There is nothing in the complaint nor in the affidavits used at the hearing of the motion indicating that the corporation had designated the location and address of its principal office in this state or that it had complied with any of the provisions of section 405 of the Civil Code.

In *Hobson* v. *Metropolitan Casualty Co.*, 114 Cal.App. 349 [300 P. 87], the defendant, a foreign corporation, sought to change the place of trial from Ventura County to Los Angeles County. In support of its motion it filed an affidavit in which it was stated that its principal place of business "was and now is Los Angeles County, State of California." This was held to be insufficient proof of residence of the foreign corporation in that county to require the cause to be tried there.

It has been held that when a foreign corporation is made a defendant, the mere fact that it is doing business in this state does not fix its residence in any particular county so as to defeat the right of the other defendants to move the place of trial of the action to the county of their residence. (*San Jose Hospital* v. *Etherton*, 84 Cal.App. 516 [258 P. 611]; *Rowland* v. *Bruton*, 125 Cal.App. 697 [14 P.2d 116]; *Waechter* v. *Atchison etc. Ry. Co.*, 10 Cal.App. 70 [101 P. 41]; *Ryan* v. *Inyo Cerro Gordo Mining etc. Co.*, 41 Cal.App. 770 [183 P. 250].)

It follows that the order denying the motion to change the place of trial to Los Angeles County cannot be supported.

The order is reversed.

Barnard, P. J., and Griffin, J., concurred.