[Civ. Nos. 10347, 10358. Fourth Dist., Div. One. Oct. 22, 1970.]

HARMON L. EASTON, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SCHNEIDER BROS. INC., Real Party in Interest.

(Two Cases.)

■■■■

**COUNSEL**

Harrison & Watson and John H. Thomas for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker and William B. Campbell for Real Party in Interest.

**OPINION**

**BROWN (Gerald), P. J.**—Harmon L. Easton petitions for a writ of mandate to vacate an order transferring venue of an action from San Diego to Los Angeles County, and to compel trial in San Diego County. Since there is no basis for venue in Los Angeles County, we grant the writ.

Harmon L. Easton and others sued Schneider Bros. Inc., a Chicago based commodity brokerage firm, and Gale Berry. Berry was Schneider Bros.' Los Angeles office manager when the acts complained of occurred. When the motion for change of venue was made, however, Berry was no longer employed by Schneider Bros.; Schneider Bros. had closed its Los Angeles office and withdrawn from California.

Easton and the others, all former clients of Schneider Bros., alleged causes of action for breach of contract, fraud, breach of fiduciary duty by "churning" their accounts, i.e., making numerous unauthorized sales and purchases, and failure to account. Compensatory and punitive damages are sought against Schneider Bros., its alleged *alter egos* Morris and Harold Schneider, and Gale Berry.

Gale Berry answered the complaint.

Without answering the complaint, Schneider Bros. moved for a change of venue on grounds of convenience of witnesses and the court designated in the complaint was not the proper court. The superior court granted the motion.

■ The matter of convenience of witnesses was not properly before the court, because Schneider Bros. had not filed its answer. Only then could the court ascertain what the issues and the evidence relating to those issues would be. Before the answer is filed, the court cannot determine whether the witnesses whose convenience is involved have material testimony to offer (*Cook* v. *Pendergast,* 61 Cal. 72; *Pearson* v. *Superior Court,* 199 Cal.App. 2d 69, 75 [18 Cal.Rptr. 578]). ■ "It is a long established rule that a motion for change of venue must satisfy two requirements: (1) It must be

shown the action is proper in the county to which the movant seeks transfer; and (2) it must be shown the county in which the action was filed was improper under any applicable theory (Citation)." (*La Mirada Community Hospital* v. *Superior Court*, 249 Cal.App.2d 39, 42 [57 Cal.Rptr. 42].) Neither requirement was satisfied here.

■ Schneider Bros. did not show it was entitled to have the action transferred to Los Angeles County. Schneider Bros. unmeritoriously urges Gale Berry's Los Angeles County residency as a basis for transfer. It cannot assert another party's rights. Moreover, none existed here because by answering the complaint, Berry waived what rights he had to obtain a change of venue (Code Civ. Proc., § 396b; *Hennigan* v. *Boren,* 243 Cal.App.2d 810, 816 [52 Cal.Rptr. 748]).

What grounds has Schneider Bros. itself shown for transfer? None.

California Constitution, article 12, section 16, provides a corporation may be sued in the county where the contract is made or to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases.

■ A foreign corporation may invoke the constitutional venue provisions in the same manner as a domestic corporation, provided the foreign corporation establishes it has qualified to do business in California under Corporations Code section 6403. (*Bohn* v. *Better Biscuits, Inc.,* 26 Cal. App.2d 61, 64-65 [78 P.2d 1177]; *Hobson* v. *Metropolitan Casualty Ins. Co.,* 114 Cal.App. 349, 351 [300 P. 87]; *Warren* v. *Ritter,* 61 Cal.App.2d 403, 405-406 [142 P.2d 948].)

■ Nothing shows Schneider Bros. ever designated the location and address of its principal office in this State or complied with any of the provisions of Corporations Code section 6403. Schneider Bros.' president's affidavit alleged only the firm's principal office was in Chicago. None of the documents submitted shows whether it had an office in Los Angeles when the action was commenced.

In *Hobson* v. *Metropolitan Casualty Ins. Co., supra,* 114 Cal.App. 349, the defendant, a foreign corporation, sought a change of venue, submitting an affidavit its principal place of business was in Los Angeles. This was insufficient proof of residence of the foreign corporation in that county (*Hobson* v. *Metropolitan Casualty Ins. Co., supra,* 114 Cal.App. 349, 351; see also *Warren* v. *Ritter, supra,* 61 Cal.App.2d 403, 405-406). The requirements of what is now Corporations Code section 6403 were not satisfied in *Hobson.*

Schneider's status is that of a foreign corporation only. As such, it may be

sued in any county in the state. (*Hobson* v. *Metropolitan Casualty Ins. Co.*, *supra*, 114 Cal.App. 349, 355; *Waechter* v. *Atchison etc. Ry. Co.*, 10 Cal.App. 70 [101 P. 41].)

■ The plaintiff's choice of venue is presumptively correct (*Shida* v. *Japan Food Corp.*, 185 Cal.App.2d 443, 447 [8 Cal.Rptr. 27]; *J. C. Millett Co.* v. *Latchford-Marble Glass,* 144 Cal.App.2d 838, 839 [301 P.2d 914]).

Schneider Bros. had the burden of showing the action was not begun in a proper county (*Pascoe Steel Corp.* v. *Pozun Bros., Inc.,* 205 Cal.App.2d 762, 766 [23 Cal.Rptr. 540]). It failed to meet that burden. It showed neither the action was improper in San Diego County, nor why it should be transferred to Los Angeles County. (*La Mirada Community Hospital* v. *Superior Court, supra,* 249 Cal.App.2d 39, 42.)

Let a peremptory writ of mandate issue as prayed. Costs of $117.40 are awarded petitioner against real party in interest, Schneider Bros., Inc.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied November 9, 1970, and the judgment was modified on November 20, 1970, to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied January 28, 1971.