MARSHALL EARTH RESOURCES, INC., A Texas Corporation, Appellant, *v.* V. J. PARKS, Respondent.

No. 13988

April 21, 1983                           661 P.2d 875

*Hill, Cassas, deLipkau* and *Erwin,* and *Frank W. Thompson,* Reno, for Appellant.

*Diehl, Evans & Associates,* and *Lyman F. McConnell,* Fallon, for Respondent.

---

## OPINION

*Per Curiam:*

Respondent filed a complaint in Churchill County against appellant, a foreign corporation and a co-defendant, Hugh Roy Marshall, alleging breach of an employment contract. Appellant made a motion for change of venue to either Washoe County or Nye County, in which its co-defendant did not join. The motion was denied, and this appeal followed.

Appellant relies on the language of NRS 13.010(1) in support of its argument that its motion for change of venue should have been granted. That statute states:

> When a person has contracted to perform an obligation at a particular place, and resides in another county, the action must be commenced, and, subject to the power of the court to change the place of trial as provided in this chapter, must be tried in the county in which such obligation is to be performed or in which he resides; and the county in which the obligation is incurred shall be deemed to be the county in which it is to be performed, unless there is a special contract to the contrary.

The referenced statute applies only where the contracting obligor resides in a Nevada county other than the county where the obligation is to be performed.

Appellant, a Texas corporation, at the time it moved for a change of venue, had not filed a certificate of corporate existence with the county clerk of any county, as required by NRS 80.010(1)(b). For that reason, it had not qualified to do business in this state.

Although NRS 80.210 declares that a foreign corporation not qualified to do business in this state "shall not be allowed to commence, maintain or defend any action," this Court has stated that a plaintiff waives its right to question capacity to defend when it sues such a corporation and compels it to appear and answer. Walker Bank and Trust Co. v. Smith, 88 Nev. 502, 501 P.2d 639 (1972); Scott v. Day Bristol Consolidated Mining Co., 37 Nev. 299, 142 P. 625 (1914). Nonetheless, that corporation has not established residency in any particular county for venue purposes. *See* Easton v. Superior Ct. of San Diego, 12 Cal.App.3d 243, 90 Cal.Rptr. 642 (1970); Searls v. Greyhound Corporation, 180 Cal.App.2d 463, 4 Cal.Rptr. 206 (1960); Warren v. Ritter, 142 P.2d 948

(Cal.App. 1943). Since appellant has not established residency for venue purposes, it cannot rely on NRS 13.010 to locate proper venue in this case.

NRS 13.040 specifies proper venue where a defendant's county of residency is unknown:

> In all other cases, the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action; or, if none of the defendants reside in the state, or if residing in the state the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; . . .

The statute equally applies where a defendant is not considered a resident of any county for venue purposes.

The record before this Court does not indicate appellant's co-defendant's place of residence, and appellant has not argued that any reference should be made to that residence in establishing proper venue. Accordingly, we conclude that no consideration of appellant's co-defendant's residence need be made here in analyzing proper venue for appellant.

Since our holding regarding appellant's residential status and entitlement to NRS 13.010(1) is dispositive of this appeal, we find it unnecessary to consider other issues.

Under NRS 13.040, venue in an action against appellant is proper in any county designated in the plaintiff's complaint; here, Churchill County. The district court properly denied appellant's motion for change of venue from Churchill County. We therefore affirm the order of the district court.