[Civ. No. 3479.   Third Appellate District.—January 7, 1928.]

JAMES H. McKENZIE, Respondent, v. LOS ANGELES LIFE INSURANCE COMPANY et al., Defendants; PEOPLES MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

Alfred B. Weiler and A. C. Wollenberg for Appellant.

J. J. Henderson and W. A. Green for Respondent.

FINCH, P. J.—The above-entitled cause is on appeal in this court from an order of the trial court denying the motion of the appellant, Peoples Mutual Life Insurance Company, for an order changing the place of trial from Sacramento County to the city and county of San Francisco. The appellant has applied for "a writ of supersedeas . . . staying and restraining the trial of said cause" pending the final determination of the appeal.  Section 949 of the Code of Civil Procedure provides that an appeal from a judgment or order "does not stay proceedings, without a writ of *supersedeas,* where it adjudges the defendant guilty of usurping, or intruding into, or unlawfully holding a public office, civil or military, within this state, or where the order grants, or refuses to grant, a change of the place of trial of an action."

A mere reading of the section shows that the provision for a stay of proceedings in case of an appeal from an order denying a change of venue is not mandatory. If it were mandatory in all cases it would lead to "a most vicious practice. Every case in which one party sought delay would have to be continued upon an application for change of venue, however frivolous or imperfect it may be presented." (*Hibbard* v. *Chipman*, 1 Cal. Unrep. 16.) The most that can be said in favor of such an application is that the granting of a stay is discretionary. The applicant should show some special reason why he is entitled to the stay in order that the court may have a basis for the exercise of its discretion in his favor. No such reason appears in this case. The action is an ordinary one for the recovery, on appellant's policy of accident and health insurance, of monthly payments due for the loss of time caused by an alleged accident in which the plaintiff was injured. The grounds upon which appellant's application is based would exist in every case of denial of a change of venue. As said by this court in *People* v. *Piazza*, 59 Cal. App. 43, 45 [209 Pac. 1017], "without passing on the merits of the appeal, it may be said that an examination of the record discloses nothing to influence the court's decision in favor of the issuance of the writ."

The application is denied.

Plummer, J., and Hart, J., concurred.