[L. A. No. 14370. In Bank.—October 20, 1933.]

E. R. BARDWELL, Respondent, v. FRED D. TURNER et al., Appellants.

Boyd C. Barrington for Appellants.

Borton & Pedrini and Gregory M. Creutz for Respondent.

PRESTON, J.—Defendants seek a writ of *supersedeas* to stay proceedings in this cause pending their appeal from an order of the court below denying their motion for change of venue from Kern to Los Angeles County (secs. 949 and 963, Code Civ. Proc.). ▮ This is a discretionary matter and the writ will issue only when justified by a showing that substantial questions will be presented upon the appeal from an order denying change of venue (*McKenzie* v. *Los Angeles Life Ins. Co.*, 88 Cal. App. 259 [263 Pac. 338]).

In this cause defendants' moving papers were sufficient in form to satisfy code requirements (sec. 1010, Code Civ. Proc.) and consisted of a written demand for change of venue, notice of motion, motion, and affidavit of merits in support thereof, wherein defendants claimed they were

entitled to have the cause tried in the county of their residence because the action was essentially transitory—an equitable action for an accounting. They also indicated that the convenience of both parties and witnesses would be served by the change. The first ground only need be considered.

If the subject matter of the action is local, the cause should be tried in the county where such subject matter, or some part thereof, is situated; otherwise it should be tried in the county of defendants' residence (secs. 392, 395, Code Civ. Proc.). An action for an accounting is a proceeding in equity and is essentially a personal action; it is only when land or an interest therein is the exclusive subject matter of the action that section 392 controls. If, in one complaint, there have been united allegations and a prayer for relief in causes of action both transitory and local, defendants are likewise entitled to have the cause tried in the county of their residence (*Howe* v. *Tucker*, (decided October 3, 1933) *ante*, p. 193 [25 Pac. (2d) 832]; *Weygandt* v. *Larson*, 130 Cal. App. 304 [19 Pac. (2d) 852]; *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356], and cases cited in said decisions).

In this cause plaintiff seeks an accounting and the establishment of the rights of the parties in and to their respective interests in and profits from certain oil-wells and oil leases. He claims that the action is essentially local because he prays for the declaration of a resulting trust in his favor for his appropriate interest in certain oil land leases and because his complaint contains substantive allegations in which respective property interests in Kern County are specifically set forth and described, and execution and delivery of appropriate conveyances and transfers to him of such interests are sought. Appellants, on the contrary, assert that the gravamen of the action is purely personal; that in reality it is no more nor less than a simple action in equity for an accounting.

An examination of the pleading reveals at once that these respective contentions present a substantial question to be determined upon the appeal from said order denying a change of venue, to wit: a question as to the nature of the action. Is it essentially local, or is it transitory, or does the pleading join causes of action both real and personal?

Thus issuance of the writ to stay proceedings pending the determination of said appeal is clearly justified.

To further substantiate this statement we shall set forth a *résumé* of the prayer of the complaint: 1. It asks for an accounting; 2. ''That a resulting trust in favor of plaintiff for his appropriate interest as herein set out in each of said ventures be declared and decreed''; 3. That plaintiff have judgment for his proper proposition of the profits as determined upon the accounting and that defendant be required to execute and deliver to plaintiff ''the appropriate conveyance and transfer of his interest as may be by such decree determined in each of said ventures''; 4. That plaintiff receive costs; lastly, plaintiff specially prays for appointment of a receiver to manage and control, under direction of the court and until final determination of the action, the said ventures, and the funds in the hands of defendants.

Let the writ issue as prayed.

Curtis, J., Langdon, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.