[Civ. No. 11096.  First Appellate District, Division One.—April 21, 1939.]

M. KANE, Respondent, v. UNIVERSAL FILM EX-CHANGES, INC., et al., Appellants.

Nat Schmulowitz, Gavin McNab, Schmulowitz, Aikins & Wyman and Peter S. Sommer for Petitioners.

Henry C. Clausen for Respondent.

WARD, J.—Appellant applied to the trial court for a writ of *supersedeas* to stay the operation of an order denying its motion for a change of venue from the city and county of San Francisco to the county of Los Angeles, pending its appeal from said order. The application was denied, and it has now applied to this court for such a writ.

As will be noted from reading section 949 of the Code of Civil Procedure, the legislature has enumerated certain cases in which an appeal does not stay the operation of the judgment or order from which the appeal is taken, among them being an appeal from an order granting or refusing to grant a change of venue. In such cases the operation of the

judgment or order is stayed only by the issuance of a writ of *supersedeas*; and it is well settled that whether such writ shall issue is a matter of discretion. (*Bardwell* v. *Turner,* 219 Cal. 228 [25 Pac. (2d) 978].) In this connection the court in *McKenzie* v. *Los Angeles Life Ins. Co.,* 88 Cal. App. 259 [263 Pac. 338], went on to say that if the provision of said section authorizing the issuance of the writ were held to be mandatory, it would lead to a most vicious practice, because under such construction every case in which one party sought delay would have to be continued upon application for a change of venue, however frivolous or defective the application might prove to be; and that therefore on such an appeal, in order that the court may have a basis for the exercise of its discretion in favor of the applicant, the applicant must show some special reason why he is entitled to the stay. ■
It is equally well settled that in determining whether an application for the writ shall be granted, error will not be presumed; that the rights of the respondent as well as those of the appellant must be taken into consideration; and that until the contrary is shown the presumption is in favor of the lower court's decision. (*Nuckolls* v. *Bank of California Nat. Assn.,* 7 Cal. (2d) 574 [61 Pac. (2d) 927].) ■ After having examined the record herein, we are of the opinion that no probable error in the trial court's rulings has been shown.

The appellant is a foreign corporation, and is being sued for damages for the alleged breach of a contract. Neither a copy nor the substance of appellant's motion for change of venue is set forth in the record before us, but it appears from appellant's affidavit of merits that the main ground urged for the granting of the motion was that at all times mentioned in the amended complaint appellant had its principal office for the transaction of business in this state in the county of Los Angeles, and therefore it was entitled to have the place of trial changed to that county. It is the law of this state that unless a foreign corporation has complied with the requirements of section 405 of the Civil Code, as revised in 1929, or as subsequently amended, it has not acquired a statutory principal place of business in this state upon which it may base a demand for change of place of trial. (*Hobson* v. *Metropolitan Casualty Ins. Co.,* 114 Cal. App. 349 [300 Pac. 87]; *Bohn* v. *Better Biscuits, Inc.,* 26 Cal. App. (2d) 61 [78 Pac. (2d) 1177, 80 Pac. (2d) 484].) In 1918 appellant qualified to

transact business in this state by complying with the then existing law (Stats. 1917, p. 371) to wit, by filing a certified copy of its articles of incorporation with the Secretary of State, and a copy duly certified by the Secretary of State in the county of Los Angeles; also by filing with the Secretary of State a designation of a person residing in this state upon whom process could be served; but, according to the law laid down in the following decisions, appellant did not thereby acquire or establish a statutory principal place of business in any particular county in this state (*Waechter* v. *Atchison etc. Ry. Co.*, 10 Cal. App. 70 [101 Pac. 41] ; *Bohn* v. *Better Biscuits, Inc., supra; Hobson* v. *Metropolitan Casualty Ins. Co., supra*) ; and as stated in California Jurisprudence (vol. 6A, p. 1408), a foreign corporation which has not complied with the statutes by making filings and thus acquired a statutory principal place of business in this state, is not entitled to be sued in the county where it has established what it calls its principal office, or to have the place of trial change to that county (*Hobson* v. *Metropolitan Casualty Ins. Co., supra; Bohn* v. *Better Biscuits, Inc., supra*) ; and an affidavit that it has its principal place of business in a given county does not establish that its legally authorized principal place of business is there (*Waechter* v. *Atchison etc. Ry. Co., supra*). As claimed by appellant, section 406 of the Civil Code provides, among other things, that no foreign corporation which has filed with the Secretary of State a designation of an agent for the service of process pursuant to the requirements of any law in force at the time of such filing, need file with the Secretary of State the statement provided for in section 405, except for the purpose of designating a new agent. But as will be noted from the cases above cited, there was no law in this state prior to the revision of section 405 in 1929, whereunder a foreign corporation could acquire a statutory place of business at any particular location in this state, and that only by complying with the provisions of that section may such a principal place of business be legally established.

■ Irrespective, however, of the point concerning appellant's principal place of business in this state, it is provided by the Constitution (sec. 16, art. XII), that a corporation may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; and here the record amply supports the

conclusion that the contract sued upon was to be performed and in fact was performed in part, and that the obligation and liability arising thereunder occurred in part, in the city and county of San Francisco. ·

The amended complaint alleges that appellant ''maintains offices and did business in the city and county of San Francisco''; that at Los Angeles respondent's assignor and appellant entered into an agreement to commercialize certain screen pictures. Respondent's assignor was to travel continuously for a period of six months in publicizing and exploiting the pictures and the services of actors appearing in person in conjunction with the demonstration of the screen pictures. Respondent's assignor traveled to Oakland and San Francisco and assisted in making tentative arrangements for the production of the pictures in the last-named cities. Subsequently, according to the complaint, appellant notified respondent's assignor that it would not perform any of the required conditions of the alleged contract. The complaint alleges, also, that appellant has since continuously presented and commercialized the pictures throughout the United States to the damage of respondent's assignor in the sum of $500,000. In a separate cause of action the complaint alleges that at San Francisco, Oakland and Los Angeles, California, the corporate defendant became indebted to respondent's assignor.

Appellant contends that the last step in the performance of the contract was to be made in Los Angeles County and, upon the authority of *Union Oil Co. of California* v. *Basalt Rock Co., Inc.*, 30 Cal. App. (2d) 317 [86 Pac. (2d) 139], asserts that the motion for change of venue should have been granted. In that case a written contract provided for the several steps in its performance. From the written contract the place of performance was ascertainable. In the instant case the amended complaint is silent relative to the place of payment, except for the insertion of the allegation that appellant became indebted to respondent's assignor at San Francisco, Oakland and Los Angeles. An affidavit accompanying the motion for change of venue avers that the obligation, if any, and the breach, if any, occurred in the county of Los Angeles. A second affidavit, signed by one of the attorneys for the appellant, petitioner herein, avers that in effect no matter where respondent's assignor's services were to be rendered, the payment therefor was to be

made at Los Angeles. This averment is a legal conclusion. That respondent's assignor did not understand payments were to be made exclusively in Los Angeles is demonstrated by his action in sending a bill for services rendered to the main office of appellant in New York City.

We are not convinced that such a substantial legal question has been presented in the briefs as to justify the issuance of an order of suspension of proceedings, particularly in the face of statements in the answer to the petition setting forth the immediate necessity of obtaining depositions throughout the major cities of the United States before the trial may proceed.

The petition is denied.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1939, and the following opinion then rendered thereon:

THE COURT.—Upon a hearing of the petition for a transfer of this cause after decision by the District Court of Appeal, we are of the opinion that the showing on the part of appellant in support of its application for a writ of *supersedeas* was insufficient to justify said court in granting said application. We, however, withhold approval of those statements in the court's opinion which are directed solely to the merits of the order denying appellant's motion for a change of place of trial.

The petition is denied.

HOUSER, J., Concurring and Dissenting.—I concur generally in the foregoing order, but dissent from that part of the order by which this court purports to "withhold approval" of certain designated "statements" which occur in the opinion of the District Court of Appeal. As far as I know, this court is unauthorized to assert its approval or disapproval with respect to an opinion of any other court. In that regard, the only possible source of power is contained in the language which appears in sections 4 and 4c, article VI, of the Constitution of this state; but in neither of such sections of the Constitution is language employed which either

expressly or impliedly purports to authorize this court to assume either to approve or to disapprove of any "statement" which may be made by the District Court of Appeal. My views with reference to the authority of this court in a situation such as here is under consideration are more fully stated regarding a similar order that was made by this court in pursuance of a petition to hear an appeal after decision thereof by the District Court of Appeal in the case of *Wires* v. *Litle,* 27 Cal. App. (2d) 240, 245 [80 Pac. (2d) 1010, 82 Pac. (2d) 388].