[Civ. No. 12192.  First Dist., Div. Two.  June 4, 1942.]

LAHER SPRING & TIRE CORPORATION (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Melville C. McDonough for Petitioners.

Andrew J. Eyman for Respondents.

NOURSE, P. J.—The petitioners seek a writ of supersedeas to suspend proceedings in the respondent court upon a writ of mandamus instituted to require these petitioners to permit the inspection of the books of the corporation. In the proceedings in the superior court the application for the order was made by a shareholder for leave to inspect the share register and duplicate share register. The corporation and its officers defended upon the ground that it did not appear that the inspection sought was reasonably related to the interest of the shareholder because it appeared that he desired to ascertain the identity of other shareholders and to confer with them relative to the institution of legal proceedings to compel payment of dividends. On this application the contentions are that this interest does not affirmatively appear and that the order appealed from in the nature of a writ of mandamus was not preceded by findings of fact covering that issue.

Since the appeal from an order of this kind does not stay proceedings a writ of supersedeas is sought under section 949 of the Code of Civil Procedure, but in order to

succeed it is incumbent upon the petitioner to show that substantial questions will be presented upon the appeal and that some special reason exists why the inspection of the records should be stayed pending the appeal. (*Private Investors* v. *Homestake Min. Co.*, 11 Cal. App. (2d) 488, 492 [54 P. (2d) 535].) This the petitioners have failed to do. If the shareholder believes that the officers of the corporation have illegally failed to pay accrued dividends to the shareholders and he desires to associate with other shareholders in like condition in order to enforce their respective rights as shareholders it is too clear for controversy that an inspection of the share register to ascertain the names of such other shareholders is "reasonably related to his interest as a shareholder." We may assume that the trial court so concluded when it ordered that the writ of mandate should issue. If it did so it was a conclusion of law based upon facts which were admitted and not disputed. Hence, if findings of fact were necessary to support the order appealed from, the petitioners herein have failed to point out what controverted facts were to be covered by findings. If these are the only grounds which the appellants propose to raise on their appeal from the order it is manifest that they are not sufficient to entitle them to the extraordinary remedy of supersedeas.

The application is denied and the preliminary writ is discharged.

Sturtevant, J., and Spence, J., concurred.