[S. F. No. 16829. In Bank. Apr. 7, 1943.]

NORMAN RUSSELL, Respondent, v. ALLEN MILLER, as Registrar of Contractors, etc., et al., Appellants.

Earl Warren, Attorney General, Lucas E. Kilkenny, J. Albert Hutchinson and Allen Martin, Deputies Attorney General, for Appellants.

Geary & Geary, C. J. Tauzer, Bradford M. Melvin, Darwin Bryan and Charles J. Wiseman for Respondent.

SHENK, J.—The petitioner filed in the superior court a petition for a writ of mandate directing the respondents, Contractors' State License Board, its members and its registrar, to refrain from enforcing the revocation of the petitioner's license as an electrical contractor, and to dismiss the complaint pending before the board. The respondents have

appealed from a judgment which directed them to restore the petitioner's license.

The petitioner was charged by the registrar of the board with certain violations of the terms of a contract for the reconstruction and alteration of the Napa High School Building, one of which was that the work was to be in strict compliance with the Electrical Safety Orders of the Industrial Accident Commission, the National Electrical Code, and any and all ordinances, rules and regulations of the city and county in which the work was to be performed. Eleven violations of the National Electric Code and Electrical Safety Orders and nineteen alleged material and wilful deviations from the plans and specifications were specified. The petitioner filed an answer and a hearing was had, whereupon it was found by the board that the evidence showed the violations as charged. By an administrative order dated February 19, 1940, the petitioner's license was suspended until February 19, 1941, "and until defendant makes restitution to the Board of Trustees of the Napa Union High School satisfactory to the Registrar of Contractors," with a provision expressly preserving existing contracts. A stay of execution was denied by the board because of the last mentioned provision.

The petition for the writ showing the foregoing facts was filed on March 9, 1940. The petitioner challenged the jurisdiction of the board, pleaded the statute of limitations, and the insufficiency of the evidence to sustain the administrative findings and conclusion. An alternative writ was issued and as a return thereto an answer to the petition was filed. The trial court found that there had been certain violations of the safety orders, but that with one exception they had occurred more than two years prior to the filing of the complaint before the board and were therefore barred (sec. 7091 Bus. & Prof. Code); that in the excepted instance and in the cases of other expressly found departures from the plans and specifications, the violations constituted neither wilful departures from nor disregard of the plans or specifications in any material respect; that they were not prejudicial and were not without the appropriate consent of authorized persons.

The trial court concluded that the petitioner was entitled to the restoration of his license and rendered judgment directing the issuance of the peremptory writ.

[1] On the appeal the respondents contend that the trial

court committed prejudicial error in ruling that a portion of the record of the evidence before the board was not a proper matter for consideration of the court in the mandamus proceeding, and in striking that portion of the record from the evidence before it.

At the commencement of the trial the petitioner stated that he desired to offer the record of the proceedings, including the oral and documentary evidence, taken before the board. The respondents made available a certified copy of the record for that purpose. It was introduced in evidence by the attorney for the respondents at the opening of the second trial day without any objection on the part of the petitioner. The trial court adopted that procedure as being in conformity with the decision of this court in *Drummey* v. *State Board of Funeral Directors,* 13 Cal.2d 75 [87 P.2d 848]. On the third and last day of the trial, the petitioner attempted to withdraw the record taken before the board from the consideration of the court and moved to strike it from the evidence on the ground that under the decision of the District Court of Appeal shortly theretofore rendered in the case of *Laisne* v. *State Board of Optometry,* *(Cal.App.) [101 P.2d 787], he was entitled to a complete and unlimited trial de novo. Over the respondents' objection the trial court granted the motion as to the transcript of oral evidence, but denied it as to the record of the contracts, exhibits, pleadings and the board's findings and decision. The findings and conclusion of the trial court were therefore based on the evidence introduced on the mandamus hearing but independently of the record of the oral evidence before the board.

The ruling of the trial court in so striking the record of the oral evidence was erroneous under the decision of this court in the case of *Dare* v. *Board of Medical Examiners (ante,* p. 790 [136 P.2d 304]), this day filed. In that case it was decided that the petitioner in the mandamus proceeding was not entitled to an unlimited trial de novo; that a consideration of the record of the proceedings before the board was essential to a proper determination of the ques-

---

*Reporter's note: A hearing was granted by the Supreme Court in the case of Laisne v. State Board on June 17, 1940. The opinion of the Supreme Court is reported in 19 Cal.2d 831 [123 P.2d 457].

tion of the board's official duty in the premises, and that said record was competent evidence in the mandamus proceeding of such matters as were properly admissible as evidence before the board.

Notwithstanding the error of the trial court in the present case in granting the motion to strike from the record the transcript of the oral evidence taken before the board, it is clear that the ruling did not result in prejudice to the rights of the appellants. Both the petitioner and the appellants introduced evidence in the trial court independent of the administrative record, but concerning matters contained in the stricken record of oral evidence, and each side rested its case on such evidence. The trial court expressly announced that its conduct of the hearing was a "trial de novo," and that its decision would be rendered on the evidence then before it exclusive of the record of oral evidence before the board, unless there was further evidence to be presented. No further evidence was presented. The appellants base their claim of prejudice on the assertion that the petitioner's testimony before the board was material to the issues and was there given in more detail than in the trial court, and that they were deprived of the opportunity to produce witnesses to testify to the facts contained in the transcript of the oral evidence. Examination of the record discloses that the trial court invited the introduction of any evidence as in an unlimited trial de novo. That evidence was presented and as so received supports the findings and judgment. The fact that the testimony on behalf of the petitioner may have been more in detail on the administrative hearing would not compel or justify the conclusion that the evidence actually received in court was insufficient as such support.

The judgment is affirmed.

Curtis, J., Carter, J., and Griffin, J. pro tem., concurred.

TRAYNOR, J.—I dissent.

In this case the majority opinion gives no heed to the statutory provisions for judicial review. Sections 7090-7098 of the Business and Professions Code authorize the Registrar of Contractors to suspend the license of a contractor for specified misconduct, after notice and a hearing of "all relevant and competent evidence material to the issues." Section 7099 provides that any decision of the Registrar "shall

be subject to review by the superior court'' for which the party may ''file his petition,'' but is silent as to the scope of such review. It is not identified as certiorari, mandamus, or any other standard procedure set forth in the Code of Civil Procedure. Had the petitioner followed the statutory language he would have filed a petition for review in the superior court. It would not be unreasonable to infer that the Legislature intended a complete retrial in the superior court; the reference in section 7101 to ''a judgment of suspension or cancellation of license by the superior court'' seems to imply an independent judgment. Had certiorari review been intended one would look for a different terminology, such as ''setting aside or affirming'' the decision of the Registrar. This court, however, might have followed the Texas cases relied upon in the majority opinion in *Dare* v. *Board of Medical Examiners, ante,* p. 790 [136 P.2d 304], and arrived at the conclusion that the Legislature did not mean trial de novo. There should at least have been an inquiry into the scope of the review intended by the Legislature.

If the majority opinion exemplifies the new system of trial de novo in mandamus proceedings it is at the opposite pole from *Dare* v. *Board of Medical Examiners.* Not only was the transcript of oral evidence before the board struck from the record, but the evidence before the board was reiterated in the trial court, contrary to the principles in the majority opinion in the Dare case and without regard for the rules set forth in that opinion regarding the admission of new evidence. There is no clue as to what would constitute an abuse of discretion. So much latitude has been given the trial court as to suggest that the problem whether a petitioner should be accorded a trial de novo or a review with the scope of a certiorari review is in effect shifted to the superior courts.

Gibson, C. J., and Edmonds, J., concurred.