[Civ. No. 14805. Second Dist., Div. One. Feb. 9, 1945.]

WEST COAST HOME IMPROVEMENT COMPANY, INC. (a Corporation), Petitioner, v. CONTRACTORS' STATE LICENSE BOARD OF THE DEPARTMENT OF PROFESSIONAL AND VOCATIONAL STANDARDS, Respondent.

Jerry Giesler and Robert A. Neeb, Jr., for Petitioner.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—Petitioner asks for a writ of supersedeas to restrain the enforcement of a judgment of the superior court denying a writ of mandate and thereby sustaining an order of the Contractors' State License Board of the Department of Professional and Vocational Standards revoking petitioner's license to engage in the contracting business. Briefly, the facts are that on or about August 23, 1943, a complaint was filed before said Contractors' State Board charging the petitioner with violating the provisions of sections 7109, 7111, 7114, 7115, 7116, 7117 and 7118 of the Business and Professions Code. After the filing of said complaint and service thereof, the latter within the time required by law filed a written answer to the charges set forth in said complaint. Thereafter hearing was had as required by law before a duly appointed, qualified and acting deputy registrar of contractors. The proceedings at such hearing were taken down in shorthand and thereafter transcribed. At the conclusion of the hearing, the deputy registrar presiding thereat made and signed writ-

ten findings and recommendations. Thereafter on December 7, 1943, the registrar of contractors made, signed and filed a decision in said proceeding, finding the petitioner guilty of violating the aforesaid sections of the Business and Professions Code and revoking its license to engage in the contracting business in the State of California. Petitioner on December 21, 1943, filed a petition for rehearing, which was denied by the registrar of contractors on January 18, 1944. Thereafter petitioner, pursuant to the provisions of section 7099 of the Business and Professions Code, filed in the Superior Court of Los Angeles County a petition for a writ of mandate wherein it was asserted that the deputy registrar who conducted the hearing before the state board was biased and prejudiced. Said court issued an alternative writ of mandate and upon a hearing had thereon considered the entire record of the evidence introduced at the proceeding had before the state board. Thereafter said superior court made comprehensive findings and concluded that ''the petitioner was afforded a full and fair hearing before the respondent (State Board), that there is adequate competent evidence to sustain the findings, decision and order revoking the petitioner's license and that the order of the respondent (State Board) was not arbitrary, capricious, illegal and fraudulent; the petitioner has not sustained the burden resting on it to plead and prove that the respondent acted contrary to the weight of the evidence or that he acted arbitrarily, capriciously, fraudulently, or illegally or in abuse of discretion or without due regard to the rights of petitioner; the court finds no reason for annulling the order of the respondent (State Board) but on the contrary, finds that the order should be sustained.'' Said superior court thereupon entered its judgment discharging the alternative writ of mandate and denying a peremptory writ.

In due course and within the time provided by law following the rendition of such judgment, petitioner herein gave notice of appeal to this court from the judgment. Following the filing of such notice of appeal and pursuant to the provisions of section 7101 of the Business and Professions Code, petitioner made application to the superior court for a stay of execution in the enforcement of the judgment pending final determination of the appeal taken therefrom and in accordance with the section just cited, petitioner offered to file a bond. Petitioner's motion for a stay of execution was denied

and the matter is now before us on its petition for a writ of supersedeas as sanctioned by section 4b, article VI, Constitution of California.

Petitioner first contends that it is entitled, as a matter of right, to the writ sought herein, because of the provisions of section 7101 of the Business and Professions Code, which reads in part as follows:

"There shall be no stay of execution or enforcement of the judgment pending such proceedings on appeal or review unless the appellant or applicant for review shall file a bond in all respects conditioned as, and similar to, the bond required to stay the effect of the registrar's decision in the first instance."

Manifestly, the foregoing provision must be read in connection with section 7100 of the same code, and to which last named section reference is made in section 7101.

Section 7100 provides:

"In any proceeding for review by a court, the court *may in its discretion*, upon the filing of a proper bond by the licensee in an amount to be fixed by the court, but not less than one thousand dollars, guaranteeing the compliance by the licensee with specific conditions imposed upon him by the registrar's decision, if any, permit the licensee to continue to do business as a contractor pending entry of judgment by the court in the case." (Italics added.)

We are impressed that where the Legislature, in the code section, permits the licensee to remain in business prior to a decision of the court only in the discretion of the court, it certainly must be assumed that after an adverse decision the same discretion vests in the court as to whether such licensee shall be permitted to remain in business pending determination of an appeal from such adverse decision of the court.

In the instant action, the superior court permitted the licensee to continue in business upon posting a bond, pending the entry of judgment in the mandate proceeding, but refused to make an order after judgment staying enforcement of the same.

From the foregoing sections it is evident that the right of the licensee to continue in business after an adverse decision by the registrar and pending the review thereof by the court, upon posting a bond, is discretionary with the court and is therefore not a matter of right. It seems clear to us that

the intention of the Legislature was that should the court in the exercise of its discretion determine that the enforcement of the registrar's decision should be stayed, then no such stay should be granted in cases where the decision of the registrar imposed ''specific conditions'' upon the licensee, unless a bond be posted guaranteeing compliance by the licensee with such conditions in the event the decision of the court upon review should be adverse to a licensee. In other words, the question of a bond becomes important only in the event the court in the exercise of its discretion grants a stay. We therefore conclude that the superior court was not, as a matter of right, required to grant the stay prayed for in the instant case.

However, the action of the trial court in refusing a stay of enforcement of the registrar's decision pending appeal does not deprive this court of its inherent power to issue a writ of supersedeas, because the power to issue all writs and processes necessary to the exercise of our appellate jurisdiction is conferred by section 4b of the sixth article of our state Constitution. The right of petitioner herein to appeal from the judgment rendered against it is secured to it by law (Code Civ. Proc., §§ 938-939). Manifestly, the right of appeal which is guaranteed petitioner by law is not merely the right to take an appeal, but as well the right to have from the appellate tribunal all writs which are necessary or proper to the complete exercise of the jurisdiction set in motion by the perfecting of the appeal.

A writ of supersedeas will therefore issue in aid of appellate jurisdiction. Its purpose is to preserve to an appellant the fruits of a meritorious appeal, where they might otherwise be lost to him. It cannot, however, justly be said that the right of appeal is safeguarded if the court contents itself with a mere decision of the appeal, leaving the victorious party in the court below in either a civil or a criminal case, to execute, in whole or in part and during the pendency of the appeal, the judgment which is assailed by such appeal. The right of appeal would be but an empty thing if the appellate court could not, and in proper cases it did not, afford to the appellant a means whereby the fruits of victory were fully preserved to him in the event of a reversal of the judgment against him. Such a doctrine has been continually applied in civil cases.

Our next labor therefore, is to inquire whether petitioner

shows a proper case for the issuance of the writ for which it asks. As above indicated, supersedeas is not a writ of right, but is one resting in the discretion of the appellate court to be issued in proper cases (*Private Investors, Inc.* v. *Homestake Mining Co.*, 11 Cal.App.2d 488, 492 [54 P.2d 535]).

As we have heretofore pointed out, the allowance of a stay of enforcement of the registrar's decision by the trial court in the instant action was a matter of judicial discretion. And the exercise of the power to stay must in a great degree depend upon the special circumstances of each case. It must be manifest that when the Legislature gave to the trial court the discretionary power to grant a stay it was contemplated that cases might arise when such stay of execution or enforcement might and should justly be denied. Since issuance of a writ of supersedeas is discretionary, it is incumbent upon the applicant therefor to show that substantial questions will be presented upon the appeal; that some special reason exists, differing from the ordinary case revoking a contractor's license, why the decree of the registrar and the judgment of the trial court sustaining it should be stayed pending the appeal. And furthermore, that the case is an exceptional one, presenting exceptional circumstances which would justify the appellate court in setting aside the order made by the trial court in the exercise of its discretion denying a stay of enforcement of the registrar's decision pending the appeal.

It will always be presumed that another court acting within its jurisdiction has acted with judicial discretion. If the claim be made that such discretion has been abused, some showing must be made to rebut that presumption.

In the instant action, petitioner by its petition for a writ of supersedeas simply alleges:

"That the effect of the judgment of the trial court is to cause the petitioner herein to be out of business and petitioner has been in business for a period of approximately five years and has an investment in the equipment and supplies and has a continuing overhead, and that unless petitioner is permitted to continue in business pending the outcome of an appeal in this matter, petitioner will be deprived of a valuable vested right, to-wit, the right to carry on its said business as a contractor and that unless petitioner is permitted to continue in said business, petitioner will suffer great and irreparable injury.''

Full opportunity was given at the hearing of the application to make further showing of the essential elements necessary before this writ could issue and particularly as to any substantial or debatable questions presented by the appeal taken. At that time, petitioner urged but one ground of appeal and that was that upon the hearing of the mandamus proceeding in the court below petitioner was denied a separate and independent trial, and was compelled to submit its case upon the transcript and exhibits of the hearing had before the Contractors' State License Board. However, under the law petitioner herein was not entitled to an "unqualified and unlimited trial de novo to which a litigant is entitled in the superior court on appeal from a justice's court on questions of fact or on questions of both law and fact (Code Civ. Proc., sec. 976), where, justifiably or not, he may present a 'skeleton' case in the lower court and reserve the real showing on the merits for the trial in the superior court" (*Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790, 795 [136 P.2d 304]). While neither party to a mandamus proceeding is bound in all particulars by the record before the board and the trial court in such a proceeding is not confined to such record, nor bound by the findings and determination of the board, nevertheless, in order to introduce further and additional evidence there must be a showing, for instance, that from that record it appears "that incompetent evidence had been received by the board" in which event "the complaining party should not be foreclosed from objecting on the trial to its admissibility. Also if the board had improperly refused to entertain admissible evidence the litigant should not be foreclosed from offering it at the trial. If additional evidence not included in either category be sought to be introduced by a party, the court has the right to receive it upon a showing that, in the exercise of reasonable diligence, it could not have been introduced before the board. If the credibility of witnesses before the board be brought in question in the mandamus proceeding the opportunity should be afforded for further examination or to contradict or impeach their testimony under well recognized rules of evidence and procedure" (*Dare* v. *Board of Medical Examiners, supra,* pp. 799, 800). In the case just cited, it is further held that it is the duty of the petitioner to set forth in his petition for the writ his objections to the proceedings had before the board, if such proceedings are to be questioned.

Nowhere in the petition for a writ of supersedeas, nor at the argument thereon, was any showing made that the questions raised on the appeal bring this case within the doctrine enunciated in *Dare* v. *Board of Medical Examiners, supra,* or *Russell* v. *Miller,* 21 Cal.2d 817 [136 P.2d 318].

By stipulation, the record of the mandamus proceeding in the superior court is now before us, and for the reasons just stated as well as from a reading of the transcript of the hearing had before the Contractors' State License Board, and the findings of the lower court, we are compelled to conclude that the petition filed herein is insufficient to justify the granting of a writ of supersedeas, and that it would be an abuse of discretion for us to suspend enforcement of the registrar's decision pending determination of the appeal.

We have refrained, as far as possible, from saying anything herein which might be treated as determinative of the issues to be raised on the appeal from the judgment, but, because of the rule applicable to the issuance of writs of supersedeas, it was necessary to examine the proceedings for the purpose of determining whether, according to the petition on file herein, the appeal presents "substantial questions," and also for the purpose of determining whether the instant action presents a situation wherein the writ prayed for should be granted in aid of our appellate jurisdiction.

What we have herein stated must be confined to a consideration of the issues just mentioned, and not in any way as affecting the final determination of the appeal upon its merits.

The petition for a writ of supersedeas is denied and the alternative writ heretofore issued is discharged.

York, P. J., and Doran, J., concurred.