[Civ. No. 7236. Third Dist. Dec. 13, 1945.]

YEE KEE CHONG, Respondent, v. PACIFIC FREIGHT LINES (a Corporation) et al., Appellants.

Hugh Gordon, Wyman C. Knapp, Russell Milham and Geary & Tauzer for Appellants.

Hitchcock & Bell for Respondent.

PEEK, J.—This opinion is in accordance with the order of this court made and entered at the conclusion of the hearing on defendants' petition for a writ of supersedeas to stay proceedings pending an appeal from an order of the trial court denying defendants' motion for a change of venue and plaintiff's motion to dismiss said appeal.

The record in regard to the petition for a writ of supersedeas discloses that defendants' motion for a change of venue was denied on August 10, 1945, and on the same day the case was set down for trial for October 10, 1945. Prior to said date of trial, defendants made application to the court for a continuance, and the cause was continued to October 29, 1945. Fifty-nine days after the order denying defendants' motion for a change of venue, notice of appeal was filed and the same is now pending. On October 29, 1945, the action, which is for damages for breach of contract for the safe carriage of property to its destination in Sonoma County, went on regularly for trial. At the conclusion of plaintiff's case defendants contended that they were not fully prepared to try said action and requested an extension of time within which to present evidence in support of their general denial. Thereupon counsel for plaintiff stipulated that defendants could have such time as the court would allow for the submission of any defense they might have to the action. The matter was then continued to December 3, 1945. The present petition was filed on October 29th and noticed for hearing on November 26th.

It is the settled law of this state that the granting or denial of a petition for a writ of supersedeas in such a case

is a matter of discretion (Code Civ. Proc., § 949; *Bardwell* v. *Turner,* 219 Cal. 228, 229 [25 P.2d 978]; *Kane* v. *Universal Film Exchanges,* 32 Cal.App.2d 365, 367 [89 P.2d 693, 91 P.2d 577]; *McKenzie* v. *Los Angeles Life Ins. Co.,* 88 Cal.App. 259, 260 [263 P. 338]), and that the exercise of such power "must in a great degree depend upon the special circumstances of each case." (*West Coast etc. Co.* v. *Contractors etc. Bd.,* 68 Cal.App.2d 1, 6 [155 P.2d 863].)

 There is no showing in the record of any exceptional circumstances which would require the issuance of the writ. (See *West Coast etc. Co.* v. *Contractors etc. Bd.,* 68 Cal.App. 2d 1, 6 [155 P.2d 863]; *Private Investors* v. *Homestake Min. Co.,* 11 Cal.App.2d 488, 492 [54 P.2d 535].) The application is predicated solely upon the affidavit of one of defendants' counsel. Said affidavit refers to the denial of the motion for change of venue and asserts mere conclusions to the effect that such denial was improper; that the trial court is proceeding to trial notwithstanding its action in such matter may be contrary to the final determination of this court on the appeal from the order made on said motion; that the appeal is not for the purpose of delay but because defendants believe their rights under the contract terminated in San Luis Obispo County where the property was destroyed by fire; and that defendants' conduct no business of any kind in the county of Sonoma which would authorize a trial in said county.

 Moreover, it is not apparent from the record herein, including said affidavit, that the appeal from the order denying the motion for change of place of trial will involve any substantial issue (see *Laher etc. Corp.* v. *Superior Court,* 52 Cal.App.2d 467, 468 [126 P.2d 391]), as the denial of the motion is based upon the convenience of witnesses, a matter solely within the discretion of the trial court. Without prejudging the questions which may be presented on the appeal, we conclude that prima facie there is no showing that the trial court acted in abuse of discretion in making said order. (See *West Coast etc. Co.* v. *Contractors etc. Bd.,* 68 Cal. App.2d 1, 8 [155 P.2d 863]; *Private Investors* v. *Homestake Min. Co.,* 11 Cal.App.2d 488, 492 [54 P.2d 535].)

Since defendants have failed to sustain the burden of showing exceptional circumstances, or the probability that substantial questions will be presented on appeal, or that otherwise

there is any apparent abuse of discretion justifying an appellate court in staying proceedings, the petition is denied.

Plaintiff's motion to dismiss defendants' appeal is in effect predicated upon two charges of alleged error: (1) that the appeal was not taken within the period prescribed by rule 2(a) of Rules on Appeal, and (2) that defendants failed to serve upon plaintiff notice to prepare transcript in accordance with either rule 4 or 5 of Rules on Appeal.

At the time of oral argument it was conceded that the first question was based upon information regarding the date of entry of the order denying defendants' motion for a change of venue, which information is now shown to have been erroneous.

As to the second question raised, it is now settled that relief may be granted from a default occasioned by any failure to comply with the new rules, except the failure to give timely notice of appeal. (Rule 53(b).) It also may be said that although the mandatory ''shall'' is used in relation to the requirements of service of notice as contained in rules 4 and 5, the true meaning to be ascribed to such rule is that the ''particular provision does not permit of alternative or permissive procedures.'' (*Averill* v. *Lincoln*, 24 Cal.2d 761, 764 [151 P.2d 119].) ''It does not follow,'' as the court stated in the case last cited, ''that such violation is jurisdictional to the appeal.'' Therefore, this court having obtained jurisdiction of the appeal by the filing of a timely notice thereof, we may grant relief upon a proper showing of excuse to a party who is in default by reason of a violation of a procedural requirement (*Averill* v. *Lincoln, supra; Rattray* v. *Scudder,* 67 Cal.App.2d 123, 128 [153 P.2d 433].) However, as the record on appeal in the present case is not yet before this court, plaintiff's motion to dismiss said appeal is denied without prejudice.

Adams, P. J., and Thompson, J., concurred.