[Civ. No. 17867. Second Dist., Div. One. Aug. 22, 1950.]

ESTHER P. BOGART, Petitioner, v. BOARD OF MEDICAL EXAMINERS et al., Respondents.

Sidney W. Kaufman for Petitioner.

Fred N. Howser, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondents.

DORAN, J.—As set forth in the petition, on December 17, 1945, the respondent board issued a Physician's and Surgeon's Certificate to petitioner; on July 8, 1949, complaint was filed charging petitioner with having committed an abortion upon the person of one Gayle Rubin, and on August 16, 1949, said board, after a hearing, found petitioner guilty and revoked the license to practice medicine in the State of California.

On September 28, 1949, petitioner filed in the superior court a petition for writ of mandate to review the administrative order hereinbefore mentioned, which writ was denied on May 10, 1950. From this judgment petitioner has appealed, alleging that "the accusation and complaint failed to state facts sufficient to constitute a cause for disciplinary action," and that "said accusation was so indefinite and uncertain . . . as to the alleged means or method of conduct of petitioner that she was unable to properly prepare her defense; that a demurrer to the accusation was overruled by said respondent board." Petitioner further claims that the board's finding of

guilt "is not supported by any evidence whatsoever . . . and is contrary to law."

It is alleged that "The issuance of a writ of supersedeas or stay, pursuant to section 1094.5(f), Code of Civil Procedure is necessary to protect petitioner's rights to bring this appeal." In this connection it is averred that since the board's order revokes petitioner's certificate to practice medicine which order will become effective before the appeal can be heard and determined, petitioner "will suffer great financial detriment" by reason of a loss of patients, "even though this court may see fit to reverse the trial court." It is further stated "That it is not against the public interest to permit the petitioner to continue to practice, pending the outcome of this appeal."

Objecting to the issuance of supersèdeas as prayed for by petitioner, respondents point out that since petitioner is also licensed to practice medicine and surgery by the State Board of Osteopathic Examiners, which license has not been revoked, petitioner can still continue practice, and hence that there is no necessity for a writ of supersedeas.

Petitioner filed no answer to the objections of respondent; the petition for writ of supersedeas was denied by the appellate court. A petition for a rehearing was then filed explaining that no answer to the objections had been filed because "this petitioner was under the belief that there was no provision in law to answer said objections of respondents."

A rehearing having been granted, petitioner now contends that the respondents' statement that no writ of supersedeas was necessary for the reason that petitioner could continue to practice as a physician and surgeon under the unrevoked license of the State Board of Osteopathic Examiners, and hence would suffer no deprivation of rights pending the appeal, is incorrect. It is then alleged that "petitioner has always practiced as a doctor of medicine (M.D.); and all of her patients know her as a doctor of medicine and consult her for treatment as a doctor of medicine; all of her business cards, stationery, and office lettering bear the designation of 'M.D.'. In the event petitioner is unable to practice as a doctor of medicine, . . . she will undoubtedly lose her patients who consulted her, not as an osteopath but as a doctor of medicine; any explanation she might make to said patients to the effect that she had lost her license would destroy the confidence of her patients in her and would result in her loss of livelihood."

█ As stated in *West Coast Home Improvement Co.* v. *Contractors' State License Board,* 68 Cal.App.2d 1, 5 [155 P.2d 863], the purpose of a writ of supersedeas "is to preserve to an appellant the fruits of a meritorious appeal, where they might otherwise be lost to him." However, "supersedeas is not a writ of right, but is one resting in the discretion of the appellate court to be issued in proper cases. . . . Since issuance of a writ of supersedeas is discretionary, it is incumbent upon the applicant therefor to show that substantial questions will be presented upon the appeal; that such special reason exists, differing from the ordinary case revoking a contractor's license, why the decree of the registrar and the judgment of the trial court sustaining it should be stayed pending the appeal." Moreover, "It will always be presumed that another court acting within its jurisdiction has acted with judicial discretion."

Nothing is presented by way of the instant petition for rehearing which entitles petitioner to issuance of the writ of supersedeas. As set forth in the West Coast case cited above and other cases, the writ is "one resting in the discretion of the appellate court." It is, like other original writs, to be made use of only in those cases where some unusual situation is presented which cannot well be handled otherwise. If *supersedeas is to issue in every case where an appeal is pending and where appellant might possibly suffer injury due to the lapse of time or other reason, its use would become wellnigh universal. That such is not the legitimate purpose of the writ is made clearly evident from a reading of the cases and all pertinent text passages. The writ is in no sense a matter of right.

Without in any manner passing upon the merits of the appeal from the order denying a writ of mandate to review the proceedings which resulted in a revocation of petitioner's license to practice medicine, it need only be said that the showing on rehearing is again deemed insufficient to warrant issuance of supersedeas pending the appeal.

The petition is denied.

White, P. J., and Drapeau, J., concurred.