[Civ. No. 8135.   Third Dist.   Feb. 6, 1952.]

ALHAMBRA SHUMWAY MINES, INC. (a Corporation), Respondent, v. ALHAMBRA GOLD MINE CORPORATION (a Corporation), Appellant.

Entenza & Gramer for Appellant.

Bertrand F. Lurie for Respondent.

SCHOTTKY, J. pro tem.—Defendant seeks a writ of supersedeas to stay proceedings in this cause pending its appeal from an order of the court below denying its motion for change of venue from El Dorado County to Los Angeles County or Fresno County, which motion was made upon the ground of the convenience of witnesses. (Code Civ. Proc., § 963.) This court issued its order to show cause and its order staying all proceedings in the trial court pending the determination of the application for a writ of supersedeas.

The petition alleges that plaintiff brought an action to cancel a lease under which the petitioning corporation operated certain mining property in El Dorado County; that the trial court denied petitioner's motion for a change of venue September 7, 1951, without a hearing thereon; that petitioner filed an appeal from said order on September 17, 1951; that despite the pendency of the appeal, a motion to set for trial would be heard October 19, 1951; that the principal issue in the action against the petitioning corporation is whether the stockholders of the plaintiff corporation approved the making of the lease to petitioner's assignor, and whether or not the plaintiff corporation's stockholders authorized the bringing of the suit for cancellation of the lease; that there are approximately 600 stockholders of plaintiff corporation; that petitioner is informed and believes that approximately 12 to 15 of said stockholders control a majority of the stock; that none of said controlling stockholders reside in El Dorado County and most all of said group and of the entire group of stockholders reside in and around Fresno County; that most of said stockholders will have to be brought before any court in which said trial is held, by subpoena, and petitioner is informed and believes that Fresno County is the only county in which the majority of said stockholders and holders of controlling stock can be reached or served by subpoena.

The affidavit of O. H. Griggs filed in support of the motion for change of venue (an exhibit in this proceeding) substantiates the above allegations. It was averred that 249 individually named persons were material witnesses, 13 of whom resided in and around the county of Los Angeles and would testify to the work performed by petitioner, and the remaining 236 resided in Fresno County and would testify that the lease was approved by the majority of plaintiff's stockholders.

The affidavit in opposition to the motion averred that out of the 236 individuals named in the Griggs affidavit, 78 of the persons did not approve the lease in question, but voted to

reject it; that 11 of such named persons are dead; that 39 of such persons do not reside in Fresno County as stated in the Griggs affidavit but reside in various localities throughout the whole of California; and in some instances outside California; that 24 of such persons were never stockholders of plaintiff corporation.

It appears that the motion for change of venue came on for hearing on July 20, 1951, and that at said time plaintiff filed a lengthy affidavit in opposition to the motion. The clerk's transcript on appeal shows the following:

"MR. LURIE: If your Honor please, one thing before you leave, may I ask you in regard to that motion for change of venue: Will we get a further notice from the Clerk's office as to a hearing on the motion?

"THE COURT: You filed some counter-affidavits, did you?

"MR. LURIE: Yes sir; I did.

"THE COURT: And Mrs. Gramer wants an opportunity to answer those.

"MR. LURIE: Yes, your Honor.

"THE COURT: Answer them as soon as you can, because when I come back in September, it may be set earlier. If you call my attention to it, I might give you an earlier date.

"MR. LURIE: Right now it is off calendar until she replies?

"THE COURT: It is off calendar until it is placed back on the calendar by the Court, or at the request of either party."

It appears further that the trial court, on September 7, 1951, without any notice to either party of any further hearing, and before any answering affidavits were filed by defendant, made its order denying the motion for change of venue. It appears also that on the same date, September 7, 1951, counsel for plaintiff, unaware of the court order, mailed to counsel for defendant a notice that said motion would be heard on September 21, 1951.

As this court said in *Yee Kee Chong* v. *Pacific Freight Lines*, 72 Cal.App.2d 219, at 220 [164 P.2d 43]:

"It is the settled law of this state that the granting or denial of a petition for a writ of supersedeas in such a case is a matter of discretion (Code Civ. Proc., § 949; *Bardwell* v. *Turner*, 219 Cal. 228, 229 [25 P.2d 978]; *Kane* v. *Universal Film Exchanges*, 32 Cal.App.2d 365, 367 [89 P.2d 693, 91 P.2d 577]; *McKenzie* v. *Los Angeles Life Ins. Co.*, 88 Cal.App. 259, 260 [263 P. 338]), and that the exercise of such power 'must in a great degree depend upon the special circumstances

of each case.' (*West Coast etc. Co.* v. *Contractors etc. Bd.,* 68 Cal.App.2d 1, 6 [155 P.2d 863].)''

As stated in *Bardwell* v. *Turner,* 219 Cal. 228, at 229 [25 P.2d 978] : ''This is a discretionary matter and the writ [supersedeas] will issue only when justified by a showing that substantial questions will be presented upon the appeal from an order denying change of venue.''

It is well settled that the determination of a motion for change of venue upon the ground of convenience of witnesses rests largely in the discretion of the trial court, and the exercise of such discretion will not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. (*Wrin* v. *Ohlandt,* 213 Cal. 158 [1 P.2d 991] ; *Rice* v. *Schubert,* 101 Cal.App.2d 638 [226 P.2d 50].)

Because of this well settled rule we would be disposed to deny the petition for a writ of supersedeas if the only question presented was the sufficiency of the affidavits and other papers. But it is apparent here that both parties understood that further affidavits would be filed and that there would be a further hearing. It further appears that the statement made by the court on July 20th, as hereinbefore set forth, might well justify such understanding. Without prejudging the merits of the appeal, we feel that the question of whether the trial court abused its discretion in proceeding to make its order of September 7, 1951, denying the motion for change of venue, presents a substantial issue to be determined upon the appeal. Under the circumstances here presented, in view of the authorities hereinbefore cited, we feel that a writ of supersedes should be granted.

Let the writ issue as prayed for.

Peek, J., and Van Dyke, J., concurred.